ADAMS v. McKAY.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — IN-
SURER ESTOPPED FROM DENYING LIABILITY WHERE IT TREATED
POLICY AS IN FORCE—ASSIGNMENT OF INTEREST.

Where one partner purchased the interest of another and
continued the business under the partnership name, which
fact the insurance company learned from its audit of the
pay roll, by its act in demanding the additional premium
shown to be due by said audit and treating the policy as
in force it is estopped from denying liability to the de-
pendents of a deceased employee, under the workmen's
compensation act, on the ground of change of interest,
although the policy provided that no assignment of interest
should bind it unless its consent was indorsed thereon.[1]

2. SAME — ACCEPTANCE OF ACT MUST BE IN MANNER PROVIDED —
WAIVER—ESTOPPEL.

A partner who purchased the partnership business could
not be held liable under the workmen's compensation act
for an industrial accident occurring after his purchase,
on the theory that he had accepted said act by waiver
or estoppel because he continued the business in the name
of the partnership which had accepted said act, where he
never accepted said act for himself, since its acceptance
must be in the manner provided therein.[2]

3. SAME—WHERE BUSINESS CONTINUED IN NAME OF PARTNERSHIP
WHICH DID NOT WITHDRAW ACCEPTANCE OF ACT IT IS LIABLE.

Where the partnership did not withdraw its acceptance
of the act after the sale of the business to one of the
partners, and it was continued as before under the same
name, the partnership is liable under the act to the de-
pendents of a deceased workman, in the absence of evi-
dence of any change as to notice under the act posted
in the plant, or that deceased had any other or different
information than therein set forth.[3]

Certiorari to Department of Labor and Industry.

[1]Workmen's Compensation Acts, § 174 (1926 Anno);[2]Id., § 44;
[3]Id., § 44.
On interest in business or in corporation or firm owning the
business as affecting right to compensation under workmen's
compensation acts, see notes in 15 A. L. R. 1288; 25 A. L. R. 376.
On the question as to whether members of partnership are
employees within meaning of workmen's compensation act, see
note in L. R. A. 1918F, 204.

Submitted January 7, 1925.    (Docket No. 27.)'   Decided April 3, 1925.

Josephine K. Adams presented her claim for compensation against Archie McKay, doing business as Baker & McKay, for the accidental death of her husband in defendant's employ.    From an order awarding compensation, defendant and the Continental Casualty Company, insurer, bring certiorari.    Modified and affirmed.

*Alexander & Ruttle,* for appellants.

*Kerr, Lacey & Scroggie,* for appellee.

CLARK, J.    Certiorari to the department of labor and industry.    Paul Baker and Archie McKay, trading as Baker & McKay, became subject to the provisions of the workmen's compensation act (Comp. Laws Supp. 1922, § 5428) on or about March 16, 1923.    The employer's acceptance under the act is signed "Baker & McKay, Archie McKay, Partner, Paul Baker, Partner."    Defendant insurer carried the risk. The application for the policy is signed "Baker & McKay, Applicant.    Per Archie McKay, Paul Baker." The policy runs to Baker & McKay.    It, among other things, provides:

"No assignment of interest under this policy shall bind the company unless the consent of the company shall be indorsed hereon."

It is presumed that the employer complied with the law and posted in the plant or shop the required notice of the acceptance of the provisions of the act, said section 5428.

On August 1, 1923, McKay purchased Baker's interest in the partnership property.    The business was continued in the same name, Baker & McKay.    A certificate of Archie McKay, trading as Baker &

McKay, under the act relating to conducting business under an assumed name, was filed in the office of the county clerk on July 30, 1923 (2 Comp. Laws 1915, § 6349). No notice of withdrawal under the act, said section 5428, was filed with or given to the department. It is not shown that there was any change as to posted notice, nor that the employee in question knew of the change in interest.

On or about August 1, 1923, Robert L. Adams became an employee. He sustained an accidental personal injury under the act on November 16, 1923. Report of compensable accident was filed by the employer on November 24, 1923. On November 25, 1923, Adams died as a result of his injuries. Claim was filed by plaintiff, the widow, on December 29, 1923. Supplemental report of fatal accident was filed by the employer on January 11, 1924. Employer's said reports were by Baker & McKay, by McKay, owner and proprietor. For the employer and the insurer liability was denied on January 25, 1924. On February 6, 1924, there was application for adjustment of claim. The matter went to hearing on arbitration on February 26, 1924, and on that day plaintiff, for herself and minor children, was awarded compensation. On review, the award was affirmed by the department.

On the policy it is stated that Kellar-Andrews Insurance Agency is resident representative of the insurer in Michigan. The policy was procured through such agency. A premium was paid to it. On January 25, 1924, there was a pay roll report by Baker & McKay. "Kellar-Andrews Company, Agent, from Baker & McKay," to the insurer, showing additional premium due on the policy for the period beginning March 16, 1923, and ending December 30, 1923, of $93.47. On "February 27, 192..." (unquestionably 1924), Kellar-Andrews Insurance Agency billed Baker

& McKay for this additional premium.    On April 10th, and again on April 22, 1924, the insurer from its Chicago office sought by letters to collect this additional premium covering the period stated.

It is a condition of the policy that the employer's pay roll be audited "on a semi-annual basis from date if issue," March 16, 1923.    About September 22, 1923, there was a pay roll audit, by whom it is not disclosed. On April 5, 1924, there was a second pay roll audit by the traveling auditor of the insurer.    In these circumstances, it is a fair inference that the first audit was by the insurer.    With knowledge of the facts, imputed by the record, the insurer continued to treat its contract with the employer as binding and in force; it audited the pay roll, accepted pay roll report,. and repeatedly demanded the additional premium covering the period within which the accident happened.    It, under all the evidence, is estopped to defend on the ground of change of interest or assignment under the policy.

Who was the employer at the time of the accident? Defendants say that it was McKay alone, that the partnership entity, not its individual members, went under the act, and that McKay for himself did not file an acceptance with and have it approved by the department, and that therefore he, individually, was not under the act, and that neither he nor the insurer is liable.

Filing the certificate in the county clerk's office does not operate to plaintiff's prejudice here.    *Cashin* v. *Pliter,* 168 Mich. 386 (Ann. Cas. 1913C, 697).    An employer, accepting the act, must accept in the manner provided.    He may not accept by waiver or estoppel, and McKay cannot be held on that theory.    And the policy covers the business of Baker & McKay as partners, the partnership entity.

We quote a part of said section 5428:

229—Mich.—43.

"The filing of such statement (acceptance by employer) and the approval of said board shall operate within the meaning of the preceding section, to subject such employer to the provisions of this act and all acts amendatory thereof for the term of one year from the date of the filing of such statement and thereafter, without further act on his part, for successive terms of one year each, unless such employer shall, at least thirty days prior to the expiration of such first or any succeeding year, file in the office of said board a notice in writing to the effect that he desires to withdraw his election to be subject to the provisions of this act." * * *

When Baker sold his interest in the partnership property, the partnership did not withdraw its acceptance of the act. The business was continued as before under the same name. There is no evidence of any change as to notice under the act posted in the plant or shop, and none that the deceased had any other or different information than was therein set forth. The business was conducted, and it was regarded by employer and insurer, as being under the act upon said acceptance. In these circumstances, surely the law does not require that the dependents of the deceased employee be denied compensation. On the facts we hold that the arrangement between the partners did not relieve the partnership entity of liability as the employer under the act. The award is against McKay and the insurer. It should run against the partners and the insurer. The cause is remanded for such correction.

McDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.