CLEMEN SANDERS *et al. v.* FORK RIDGE COAL & COKE
COMPANY.*

(*Knoxville.* September Term, 1927.)

Opinion filed, November 21, 1927.

1. **WORKMEN'S COMPENSATION. ILLEGITIMATE CHILD.**
An illegitimate child supported by a deceased employee is a dependent entitled to compensation under our statute. Subsection 3, sec. 30, Chapter 123, Acts of 1919. (Post, p. 147.)
Citing: Portin v. Portin, 149 Tenn. (22 Thomp.), 530.

2. **WORKMEN'S COMPENSATION. POSTHUMOUS CHILD.**
The English rule that a legitimate posthumous child came within the benefits of the compensation statute could easily be followed in Tennessee. (Post, p. 147.)
Citing: Williams v. Ocean Coal Co. (1907), 2 K. B., 422; Schofield v. Orrell. Colliery Co. (1909), A. C. 433.

3. **WORKMEN'S COMPENSATION. POSTHUMOUS ILLEGITIMATE CHILD.**
For an illegitimate child to enjoy the benefits of our compensation law he must have come into being and have been actually supported by his father, the deceased employee—a posthumous illegitimate child therefore is necessarily without the provisions of our Workmen's Compensation Act. (Post, p. 148.)

*Headnote 1. Workmen's Compensation Acts, C. J., section 49.

FROM CLAIBORNE.

Appeal from the Chancery Court of Claiborne County.
—HON. J. H. WALLACE, Chancellor.

*Posthumous illigitimate child as dependent within the meaning of workmen's Compensation Act, see annotation in L. R. A., 1916A 124; L. R. A., 1917D, 158; L. R. A., 1918F, 485; 13 A. L. R., 706; 28 R. C. L., 7.78.

J. R. Ketron and Wm. I. Davis, for complainant.

Montgomery, Donaldson & Montgomery, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

Mat Sanders, an employee of the defendant, was killed while in the course of his employment. The defendant paid into Court the amount due to the dependents of the deceased under the Workmen's Compensation Act and the controversy is as to the distribution of this fund. More particularly stated, the exact question presented is whether an illegitimate posthumous child of the deceased is entitled to share in the fund.

The deceased had been married three times and left three legitimate children. Some months before his death he went from Grundy County to Claiborne County and procured employment with the defendant. He left his lawful wife in Grundy County as well as his children and seems to have passed as an unmarried man in Claiborne County. It was the understanding that the lawful wife of the deceased would later join him and he contributed to her support and to the support of his children up to the time of his death. There was no legal separation between him and his lawful wife, and she had no knowledge of anything irregular in his conduct after he left her.

While in Claiborne County the deceased took up with another woman. She thought he was unmarried, and a marriage ceremony was performed between them and they lived together. He supported this woman also up to the time of his death. Within five months after the death of Sanders, the woman with whom he had last lived gave birth to a child of which he was the father.

The Chancellor decreed that the lawful wife and the legitimate children of the deceased were entitled to all the fund paid into Court under the Workmen's Compensation Statute by the defendant. No claim for a share in this fund appears to have been made in behalf of the woman with whom deceased was living when killed. The only claim is that the illegitimate child is entitled to a share.

(1) In *Portin* v. *Portin,* 149 Tenn., 530, this Court held that his illegitimate child supported by a deceased employee was a dependent entitled to compensation under our Statute. This decision was rested solely upon Subsection 3 of Section 30 of Chapter 123 of the Acts of 1919. The Court undertook to show that the Statute by Subsection 3, provided for a class of children in addition to the legitimate offspring of the employee, i. e., children supported by the employee at the time of his death, either wholly or in part. It was said that to obtain the benefits of Subsection 3, and to come within the class provided for in Subsection 3, "parties must have been supported in fact by the deceased."

We recognized in *Portin* v. *Portin, supra,* that as a general rule the word child or children in the law is taken to mean legitimate child or children only, but concluded that by reason of the particular provisions of our Workmen's Compensation Act, it was intended to provide for illegitimate children of an employee whose care he had assumed and whom he had undertaken to support.

Counsel rely on two English cases. *Williams* v. *Ocean Coal Co.* (1907), 2 K. B., 422, and *Schofield* v. *Orrell Colliery Co.* (1909), A. C. 433.

(2) In *Williams* v. *Ocean Coal Co., supra,* the Court held that a legitimate posthumous child came within the benefits of the English Compensation Statute. This was

on the theory that a child *en ventresa* mere was deemed born so far as necessary for the benefit of such unborn child. This case could easily be followed in Tennessee. There being a conclusive presumption of dependency in favor of a child under the age of sixteen years, and treating an unborn child as though born, a legitimate posthumous child could readily be brought under our Statute.

The case of *Schofield* v. *Orrell Colliery Co., supra,* was not elaborated in the House of Lords. That tribunal merely adopted the opinions in the Court of Appeals, King's Bench Division. See (1909), K. B., 1, 178. In that case it was held that a posthumous illegitimate child might be a dependent within the Workmen's Compensation Act. It was pointed out in the opinion of Cozens-Hardy, M. R. that the English Compensation Act of 1906, had many peculiarities which would not be found in any other Act, and that ''for many purposes it puts an illegitimate child in the same position as a legitimate child, and it does that in language which is remarkable. . . . The definition of dependents in the Act of 1909 goes on 'and where the workman being the parent or grandparent of an illegitimate child, leaves such a child so dependent upon his earnings . . . shall include such an illegitimate child.' That is to say, the illegitimate child is made a member of the family in the same way and to the same extent as the legitimate child, and I think it follows that a posthumous illegitimate child is made a member of the family to the same extent as the legitimate child actually born at the time of the death.''

*(3)* From the quotation just made it is obvious that the case last mentioned is no authority here. Our Statute contains no such provision as the English Statute. For an illegitimate child to enjoy the benefits of our Compensation Act he must have come into being and have

been actually supported by his father, the deceased employee. *Portin* v. *Portin, supra.* In this way only, could such a child be treated as a dependent under our Statutes. A posthumous illegitimate child, therefore, is necessarily without the Act.

The decree of the Chancellor is affirmed.