DEIHL *et al. v.* JONES *et al.*

(*Nashville,* December Term, 1935.)

Opinion filed May 16, 1936.

W. P. Cooper, of Nashville, for complainant.

Jeff McCarn, of Nashville, Knight & Brown, of Centerville, and G. S. Moore and Jos. Higgins, both of Nashville, for defendants.

W. O. Hake, of Dickson, for H. B. Tidwell.

A. G. Ewing, III, of Nashville, guardian *ad litem*.

Mr. Justice DeHaven delivered the opinion of the Court.

Alfred Daniel Jones, a World War veteran, died intestate in Davidson county, Tennessee, in February, 1933. A judgment had been recovered by him against the United States for $10,000 on a war risk policy, in Jan-

uary, 1931, upon the ground that the policy had matured by reason of the fact that he had become totally and permanently insane. In May, 1931, on a writ of inquisition of lunacy, he was adjudged a person of unsound mind by the county court of Dickson county, Tennessee, in which county he then resided, and a guardian was appointed for him. He was not incarcerated, but was allowed to go where he pleased. He went to Chattanooga, and while there he and Miss Edith Pybon, seventeen years of age, went to Rossville, Walker county, Georgia, and were married. A child, the defendant Alfred Daniel Jones, Jr., was born to them on February 21, 1932.

In March, 1933, W. J. Deihl qualified as administrator of the estate of Alfred Daniel Jones, Sr., deceased. The guardianship in Dickson county had been removed to Davidson county. Conflicting claims and demands were made upon the administrator for the property of the estate. On July 26, 1933, the administrator filed his bill in this cause against the widow and child of the deceased, against his sister and brother, and his guardian, to transfer the administration of the estate to the chancery court for final settlement and disposition, and to have a determination of the question of who are the heirs of the deceased. The amount of the estate is $5,600.

The chancellor held that the marriage of Alfred Daniel Jones, Sr., to Edith Pybon was void because of his mental incapacity. On her appeal, the Court of Appeals affirmed the decree of the chancellor in this respect. She has not filed a petition in this court for *certiorari*.

The chancellor held that under section 8453 of the Code, the child Alfred Daniel Jones, Jr., is the legitimate child of Alfred Daniel Jones, Sr. On the appeal of the

sister of deceased, Mrs. Lena Jones Bear, the Court of Appeals affirmed the decree of the chancellor in this respect. .      . : .. ; .†

■■ Mrs. Bear has filed her petition for *certiorari*, as has also the guardian *ad litem* of the child. The assignments of error on both petitions make but one question, to-wit, the legitimacy of Alfred Daniel Jones, Jr.

Section 8453 of the Code is as follows:

"Legitimacy of children.—The annulment or dissolution of the marriage shall not in any wise affect the legitimacy of the children of the same."

The words "annulment or" were added to the statute by the Code of 1932. The addition of these words had the effect of broadening the statute. As used in this enactment, "annulment" and "dissolution" are not synonymous in their meaning. "Annulment" is defined in the Century Dictionary as: "The act of annulling; the act of making void retrospectively as well as prospectively." 3 C. J., 222. In the case of annulment the marriage is destroyed *ab initio*, whereas in the case of divorce the marriage is dissolved from the date of the decree. 38 C. J., 1347. In *Ridgely* -v. *Ridgely*, 79 Md., 298, 29 A., 579, 600, 25 L. R. A., 800, the court said:

"Speaking with strict technical precision, a decree of nullity is widely different from a decree of divorce, for the one is founded on the theory that there never was a marriage at all, while the other concedes that a valid marriage did exist, but dissolves it, though a decree for a divorce may, under our Code, be passed for causes which would sustain a decree of nullity."

It was the intention of the Legislature in amending this statute, by adding the words "annulment or,", to prevent the legitimacy of the children of the marriage from

being in any wise affected in cases where the marriage was void *ab initio*. By the amendment, the same status of legitimacy was extended to the children of a marriage annulled as was theretofore enjoyed by the children of a marriage dissolved. To accept the contention made on behalf of Mrs. Bear that the statute, as amended, has no application to the children of a marriage void *ab initio*, would be to rob the amendment of any meaning whatever, and to convict the Legislature of having done a vain and useless thing.

The argument is pressed that the statute referred to has application only when the annulment of the marriage is by decree of court.. Such a construction would place upon the statute a strained and narrow meaning, not justified by the language used. The statute was enacted for the benefit of the children of a marriage annulled, or dissolved, and to protect them as the innocent persons involved. To construe the statute as meaning that the children of such marriage are legitimate only when one of their parents obtains a decree of annulment, and illegitimate when neither parent obtains such relief, would be unreasonable and contrary to the legislative intent and purpose.

██ Alfred Daniel Jones, Sr., died after the amendment to section 8453 was made. His son, the child here involved, was born after said amendment and was by force of the statute legitimate from his birth and capable of inheriting from his father. This case is to be distinguished from *Jennings* v. *Jennings,* 165 Tenn., 295, 54 S. W. (2d), 961, where the father of the child involved died in 1929, prior to said amendment, leaving the child illegitimate.

It is insisted, in effect, that the amendment to section

8453 cannot be applied so as to destroy Mrs. Bear's right of inheritance. Mrs. Bear, however, had no contract right to inherit from her brother. Rights of inheritance become fixed only upon the death of the party under whom they are claimed. Giving effect to the amendment, in this case, does not, therefore, impair the obligation of a contract, or give it retrospective application.

We concur with the Court of Appeals, and the chancellor, in holding that Alfred Daniel Jones, Jr., is the legitimate son and lawful heir of his father, Alfred Daniel Jones, Sr. Having reached this conclusion, it is unnecessary to pass upon the questions made in the petition of the guardian *ad litem.*

Both petitions for *certiorari* are denied.