BENNETT v. ANDERSON et al.—101 S. W. (2d) 148.

Middle Section.   November 7, 1936.

Petition for Certiorari denied by Supreme Court, January 23, 1937.

J. O. Paris, E. H. Boyd, and John Tucker, all of Cookeville, for appellant Robt. Allen Bennett.

W. Keith Crawford, of Cookeville, for appellees G. R. Bennett, Jr., and Fowler Bennett.

CROWNOVER, J. This is a contest over property rights in the lands of which G. Rufus Bennett died seized and possessed.

Robert Allen Bennett, by his next friend, filed the original bill alleging that he was the legitimate child of G. Rufus Bennett and that the appellees G. Rufus Bennett, Jr., and Fowler Bennett were illegitimate children of Bennett's, and asking that he be decreed to be the owner of said real estate.

G. Rufus Bennett, of Putnam county, Tennessee, married Lula White on June 30, 1914. They had one child, Robert Allen Bennett, the complainant, now about fifteen years of age.

Mrs. Lula Bennett obtained a divorce from Bennett on August 25, 1924, one of the grounds for the divorce being that he had committed adultery with Vina Anderson. The divorce judgment perpetually enjoined Bennett from marrying said Vina Anderson.

Vina Anderson was at that time the mother of one child, Jennie Anderson, and Bennett was the father.

Bennett and Vina Anderson both left the state of Tennessee after said divorce. Some time later they returned to Cookeville, Tennessee, and represented that they had been married in Florida, and they lived together in Cookeville, Tennessee, for several years, holding themselves out to the public as husband and wife, and being so recognized. Two children were born to them, the defendants G. R. Bennett, Jr., now about five years of age, and Fowler Bennett, now about seven years of age.

Bennett's former wife was living when they returned to Tennessee and is still living.

Bennett died intestate in Putnam county, Tennessee, on July 2, 1935, the owner in fee simple of certain real estate described in the pleadings.

Robert Allen Bennett filed the bill in this cause to recover said real estate. A guardian ad litem was appointed for the minor defendants, who filed answer.

The cause was heard by the chancellor upon oral and documentary evidence introduced before the court, by consent and written agreement of all the parties, filed in the record, in accordance with the provisions of chapter 119 of the Public Acts of 1917.

The defendants introduced no evidence. On the cross-examination of Mr. Worth Bryant the defendants filed the following certificate as an exhibit to his testimony: "This certifies

"That on the 23rd day of September in the year of our Lord 1924 Rufus Bennett and Miss Vina Anderson were by me united in marriage at Dissomore Fla. according to the Ordinance of God and Laws of State of Florida.

"Witnesses:

"Mrs. C. A. Hilliard

"Mrs. T. J. Griffin

"L. P. Driskell
"Minister of the Gospel."

Mr. Bryant, an attorney of Cookeville, was introduced by the plaintiff, and on cross-examination the defendants showed him this purported certificate of marriage and asked him to file it as an exhibit to his testimony. He stated that he did not know anything about it or the minister who signed it, but he had no objection to filing it as an exhibit to his testimony. The complainant excepted to the admission of this certificate on the ground that it was not authenticated and could not prove itself, which objection was overruled.

The chancellor found and decreed that the complainant, Robert Allen Bennett, was a legitimate son of G. Rufus Bennett, who died intestate. He further found that G. Rufus Bennett and Vina Anderson were married in the state of Florida and that two children were born to them, the two defendants G. R. Bennett, Jr., and Fowler Bennett, after said marriage, but that Jennie Anderson Bennett was an illegitimate child; and that Bennett and Vina Anderson had lived together in Cookeville and held themselves out to the public as husband and wife and had cohabited together, and a valid marriage would be presumed, or at least they were estopped to deny that their said two children were legitimate.

The chancellor evidently held that there had been a valid marriage in Florida but said marriage would not be recognized in Tennessee, as he held that Vina Anderson Bennett was not the lawful widow of Bennett, but under Code, section 8453, and the decision in the case of Deihl v. Jones (Tenn. Sup.), 94 S. W. (2d), 47, the two children were legitimate.

He decreed that the three legitimate children were the owners in fee as tenants in common of the said real estate, each owning a one-third

526

interest, and he ordered that the same be sold for division among them.

The complainant excepted to said decree and appealed to this court and has assigned errors, which are, in substance, as follows:

(1) The chancellor erred in finding and decreeing that G. R. Bennett, Jr., and Fowler Bennett are legitimate children and lawful heirs of their father, G. Rufus Bennett.

(2) The court erred in admitting as evidence, over the objection of complainant, the purported marriage certificate of G. Rufus Bennett and Vina Anderson.

The defendants contend that G. Rufus Bennett and Vina Anderson were married in the state of Florida and some time afterwards re-turned to the state of Tennessee, and further that Bennett held her out as his wife and the defendants as his children and they were so recognized.

■ There is no evidence in the record that they were married in Florida. A purported marriage certificate was attempted to be introduced, to which the complainant objected. This certificate (of one who is described therein as a minister of the gospel) was not properly authenticated or proven (18 R. C. L., 422, 423, section 47), and the chancellor erred in admitting it.

■ However, it does not matter whether they attempted to marry in Florida or not, as it had been held often in Tennessee that a marriage under such circumstances is void. Jennings v. Jennings, 165 Tenn., 295, 299, 54 S. W. (2d), 961, 962; Pennegar v. State, 87 Tenn., 244, 10 S. W., 305, 2 L. R. A., 703, 10 Am. St. Rep., 648; Newman v. Kimbrough (Tenn. Ch. App.), 59 S. W., 1061, 52 L. R. A., 668.

In the case of Jennings v. Jennings, supra, the court said: "Our cases have dealt with such unions as they have dealt with unions between negroes and whites," and the marriage was held to be void.

In the case of Newman v. Kimbrough, supra, a husband, divorced by his wife in Tennessee on account of adultery, went to Texas with the intention of establishing his residence there, while there married his paramour, and then returned to Tennesseee. The court in that case held that, although it did not appear that there was an intentional evasion of the laws of Tennessee by the parties in marrying, the courts of this state would not recognize such a marriage as valid.

■ It is insisted that their attempted marriage was void, as it was in violation of the injunction. There is no power in the court to include in the decree a prohibition against remarriage of the guilty party, and the violation of the injunction does not render the party liable as for contempt. 9 R. C. L., 437, section 241.

■ There is some evidence in the record that Bennett held Vina Anderson out as his wife after his return to Tennessee, but no presumption of marriage under the circumstances could arise, as such a

marriage is void, and such union was a flagrant violation of the statute prohibiting such marriages.

"Mere cohabitation as man and wife and the treatment of the woman as a wife and of her children as the man's children raise no presumption of law that such children are legitimate." 7 C. J., 940, section 5.

"One who asserts a marriage as the basis of a claim at law or in equity must satisfy the court, upon the whole case, by a fair preponderance of proof, not necessarily when and where such contract was made, but that at some time and place it was made." Arnold v. Cheesebrough (C. C. N. Y.), 46 F., 700.

"Marriage may be proved by circumstantial evidence, by proof of the acts and declarations of the parties, of their cohabitation as husband and wife, holding themselves out to the world as such. Such course of life or declarations do not make a marriage, but are legitimate ground for inferring that there has been at some time a valid marriage contract." Arnold v. Cheesebrough, supra.

There can be no presumption of marriage where such marriage is prohibited by law. There will be no presumption of marriage, but it may be proved by circumstantial evidence, when not prohibited by statute.

"The third of these charges is liable to a further objection. It instructed the jury, that if the facts were as there stated, 'the presumption of law was in favor of the legitimacy of the children.' Under such circumstances the law makes no presumption. The question to be determined was one of fact and not of law. The facts referred to were a part of the evidence. They were to be weighed against the countervailing evidence. They might, by possibility, all be true, and yet no marriage have occurred, and the children all be illegitimate." Blackburn v. Crawford's Lessee, 3 Wall. (70 U. S.), 175, 195, 18 L. Ed., 186, 194.

But no inference from such evidence can arise as such marriages are prohibited by statute.

Where a man and woman have openly cohabited as husband and wife for a considerable length of time, holding each other out and recognizing and treating each other as such, and are generally reputed to be such, a presumption arises that they had previously entered into an actual marriage. 38 C. J., 1321-1324, section 98. But "if intercourse between persons of opposite sex was illicit in its inception . . . it is presumed to continue so, and the burden of proving a subsequent marriage rests on the party asserting it." 38 C. J., 1328, section 103; 2 Schouler on Marriage, etc. (6 Ed.), 1484, 1485, section 1250.

The case of Deihl v. Jones, supra, is not applicable to this case, as there is no proof or presumption of marriage in the case at bar, and under the statute such marriage is void.

■ The issue of a void marriage are illegitimate. 7 C. J., 939, section 3.

■ The marriage being absolutely void and there being no presumption of marriage from the fact that they were living together as husband and wife, the question of estoppel has no application.

Hence it results that the assignments of errors are sustained and the decree in favor of G. R. Bennett Anderson and Fowler Bennett Anderson will be reversed, as they are illegitimates, and a decree will be entered-in this court holding that Robert Allen Bennett is the only legitimate heir at law of his father, G. Rufus Bennett, and as such he is the owner of and will recover all the property described in the pleadings. The costs of the cause, inculding the costs of the appeal, are adjudged against Vina Anderson.

The cause will be remanded to the chancery court of Putnam county for the collection of rents, it appearing that Vina Anderson had executed a bond for rents; but no sale of the property will be ordered, as Robert Allen Bennett is the sole owner.

Faw, P. J., and DeWitt, Jr., concur.