TRAVELERS INS. CO. *v.* DUDLEY.

(*Knoxville*, September Term, 1942.)

Opinion filed May 29, 1943.

WEAKLEY & WEAKLEY and M. WATKINS EWELL, all of Dyersburg, for appellant.

MILBURN N. COOPER, of Dyersburg, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by the widow of an employee of Dyersburg against the city's insurer to recover compensation for her husband's death said to have been occasioned by an accident arising out of and in the course of his employment. There was an award in her favor by

the trial court from which defendant insurance company has appealed in error.

The deceased Dudley was employed by the water and light department of the city of Dyersburg as a laborer. The city had not accepted the provisions of the Workmen's Compensation Act according to Code, Sec. 6856(e), and the amendment of chapter 20 of the Acts of 1941. A number of years ago, however, the city had taken out insurance providing workmen's compensation for the employees of the water and light department and a policy of this character had been carried by the city with this defendant for six or more years. Under policies issued by the defendant, it has heretofore paid small claims on account of injuries sustained by employees of the city in the water and light department and paid one claim, on an accident occurring heretofore, to the husband of the plaintiff here suing.

The principal defense of the insurance company is that by the terms of the workmen's compensation statute and by the terms of its policy issued herein its liability is identical with the liability of the city; that the city, not having elected to come under the compensation act by complying with the statutes above cited, is not liable for compensation in this case and its insurer is likewise free from liability.

There is nothing in the policy of our law against a municipal corporation operating under the workmen's compensation law. On the contrary our laws expressly sanction such course on the part of municipalities. Only a notice to the Commissioner of Labor is required. Conceding, as a general proposition, that a non-qualifying municipal corporation is not subject to the compensation act, it by no means follows that an insurer who contracts

with a municipality to provide the benefits of the compensation act for the municipality's employees is likewise free from liability. Previous decisions of this court negative such an idea.

The counties of the State are not liable for the negligence of their employees. If, however, the county takes out liability policies upon its school busses, it may be held to answer for the negligence of the driver of the bus to the extent that it has provided insurance to cover such a situation. And a suit may be brought against the insurer, in the name of the county, if necessary, to enforce this liability. *Rogers* v. *Butler,* 170 Tenn., 125, 92 S. W. (2d), 414.

So, a charitable institution may not have its property strictly devoted to the charitable use subjected to a claim in tort arising on account of the negligence of its employees. If, however, the charitable institution provides liability insurance against such claim, the claim may be enforced against the institution to the extent of the insurance or against the insurer. *McLeod* v. *St. Thomas Hospital,* 170 Tenn., 423, 95 S. W. (2d), 917.

It appears from cases collected in a Note, 103 A. L. R., 1523, that there is a conflict of authority as to whether one taking out compensation insurance, by that act does not bring himself within the statute, although otherwise he would not be. We need not go into this question here.

We think there was a clear case of an estoppel against this defendant to deny liability to this plaintiff for the benefit of the workmen's compensation statute. The defendant had carried this policy for six or seven years and collected premiums therefor. It had paid claims to other employees and it had paid to the husband of the plaintiff one claim, thus leading him to believe

that in his work for the city he was protected by compensation insurance. In this respect the case before us differs from *Keeney* v. *Beasman*, 169 Md., 582, 182 A., 566, 103 A. L. R., 1515. In that case the Maryland Court refused to apply estoppel in favor of an employee against the insurer of an employer not regularly brought under the statute, because, the Court said, the employee had no knowledge of the insurance nor was there any evidence of reliance by him on the insurance.

There are a number of cases from other jurisdictions applying the doctrine of estoppel to insurers issuing workmen's compensation policies to municipalities and others not within the Acts. *L. E. Marks Co.* v. *Moore*, 251 Ky., 63, 64 S. W. (2d), 426; *Adams* v. *McKay*, 229 Mich., 670, 202 N. W., 962; *McCaleb* v. *Continental Casualty Co.*, 132 Tex., 65, 116 S. W. (2d), 679.

It is next urged that the plaintiff's husband did not meet his death in an accident arising out of and in the course of his employment. There was a very disastrous fire raging in the city of Dyersburg, one of the worst in the history of the town, and the deceased was present. The proof shows that two of the firemen were burned and had to leave. Until other firemen could be brought to supply the places of those injured, the deceased and a volunteer present took one of the fire hose and began to play it on the blaze. While so doing, the wall of the building fell on the plaintiff's husband and killed him.

The contention is that the deceased had gone out of the line of his duties and without the protection of the compensation act or the policy if applicable.

This contention cannot be sustained for two reasons. First, the testimony of the superintendent of the water

and light department is that it was the duty of the deceased to attend large fires when the siren or the "wildcat whistle" blew. It seems that this whistle only blows when there is a very large fire. It had blown on this occasion. The principal duty of the deceased on such occasions was to look after the hydrants and see that the water was flowing freely, but it is distinctly testified by his superiors that it was his duty to cooperate with the fire department. This he was doing when killed.

■ Then again, it is uniformly held that an employee performing an act made necessary by an emergency in his employer's business does not thereby get out of the protection of the compensation statutes. The matter is well discussed in *Baum* v. *Industrial Commission*, 288 Ill., 516, 123 N. E., 625, 6 A. L. R., 1242, 1243, and many cases are collected in a Note in 6 A. L. R., page 1247, and in 71 C. J., 667.

Municipal corporations are organized for the protection of the lives and property of their citizens. In an emergency, a great fire such as the one in which deceased lost his life, we think a city employee such as deceased does not go out of the line of his duty when, the firemen having been disabled, he helps pick up the fire hose and assists in playing the stream on the blaze.

■ Error is assigned upon the action of the court below in taking into account a posthumous child in figuring the compensation due the widow. The order was that provision for this child should be included in the award if it was born alive.

We think there was no error in this. This Court indeed has approved such course in *Sanders* v. *Fork Ridge, etc., Co.*, 156 Tenn., 145, 299 S. W., 795, following English authorities. Courts excluding a posthumous child from

calculation of compensation do so because such child cannot be described as dependent at the time of the father's death. Under our statute, however, legitimate children under sixteen years of age are conclusively presumed to be dependent, and a posthumous child is a child in the sense of the law.

■ Complaint is made about the amount of the award, it being said that the employee's wages as reported to the insurer were less than his average weekly wage as found by the trial judge. We think this complaint of the defendant is justified. So far as the insurer is concerned it only undertook to provide compensation for this employee on a wage basis of $720 a year. This amount was given in to the insurance company by the record of the city as the total of the wages paid to the deceased by the water and light department. The employee got paid for work done for other departments of the city by those departments. We do not think, however, these payments from other departments can be added to what he received from the water and light department in calculating his weekly wage. He was only insured as an employee of the water and light department.

Thus modified, the judgment below is affirmed.

DE HAVEN, J., dissents.