WINFIELD *et al. v.* CARGILL, INC., *et al.*

(*Nashville,* December Term, 1953.)

Opinion filed February 11, 1954.

W. H. FISHER, of Memphis, for Lou Ester Winfield and Ernestine Winfield.

THOMAS R. PREWITT, of Memphis, for Cargill, Inc. and Travelers Ins. Co.

CHIAPELLA & KIRKPATRICK, of Memphis, for Henrietta Yvonne Winfield and Tommy Buliox.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Henry Winfield was killed under circumstances which entitled those contemplated by the Workmen's Compensation Act to payment of the death benefits provided by that statute. He was married to, but had deserted, Lou Ester Winfield and their child Ernestine in 1948. No divorce was ever obtained, and they survive him. He went through a marriage ceremony in 1951 with a woman styled herein as Eleanor Winfield. At the time of this marriage ceremony Eleanor had an illegitimate four year old child named Tommy Buliox. Deceased lived with, and supported, this woman and child from the time of this marriage ceremony until his death in May 1952. Subsequent

to his death this woman, Eleanor, gave birth to his child identified in this record as Henrietta Yvonne Winfield. Other than the matter of adjudging costs, the only question is whether this posthumous child of this void marriage is entitled under the Workmen's Compensation Act to share in the death benefits provided by that Act.

The Chancellor held that this posthumous child, Henrietta, was not entitled to share in the death benefits, saying,—"and it is equally clear, in the opinion of this Court, both as a matter of principle, and on the authority of the 156 Tenn. case, that a posthumous illegitimate child is entitled to nothing". The case to which the Chancellor thus referred is that of *Sanders* v. *Fork Ridge Coal & Coke Co.*, 156 Tenn. 145, 299 S. W. 795, 796. In that case the employee, while married, went through a marriage ceremony with a woman who after his death gave birth to his child. It was held that "For an illegitimate child to enjoy the benefits of our Compensation Act, he must have come into being and have been actually supported by his father, the deceased employee."

The Sanders case, supra, was decided in 1927. In 1932 Code Section 8453 was amended by adding at its beginning the words "the annulment or" and, as so amended, this code section now reads as follows: "The annulment or dissolution of the marriage shall not in any wise affect the legitimacy of the children of the same."

In *Deihl* v. *Jones*, 170 Tenn. 217, 94 S. W. (2d) 47, a case decided in 1936, the question at issue was whether the son of a marriage void ab initio was a legitimate heir of his father who died shortly after the child was born. The Court held that such child was legitimate by reason of this Code Section 8453 as amended in 1932. In so holding the Court said, 170 Tenn. at pages 220-221, 94 S. W. (2d)

at page 48: "It was the intention of the Legislature in amending this statute, by adding the words 'annulment or,' to prevent the legitimacy of the children of the marriage from being in any wise affected in cases where the marriage was void ab initio", and that the legitimacy of such child exists by reason of this code section when the marriage, so called, relation is terminated by the death of the father, as well as when it is terminated by annulment.

The instant case falls squarely within the holding of *Deihl* v. *Jones*. The result is that Henrietta Yvonne Winfield, the posthumous child of Henry Winfield, is a legitimate child of Winfield. The Chancellor in holding to the contrary, and the attorneys probably overlooked the fact that the aforesaid amendment of Code Section 8453 was made subsequent to the decision in *Sanders* v. *Fork Ridge Coal & Coke Co.*, supra.

A legitimate posthumous child is entitled to share in the death benefits provided by the Workmen's Compensation Law for the legitimate children of a deceased employee. *Travelers Insurance Company* v. *Dudley*, 180 Tenn. 191, 196-197, 173 S. W. (2d) 142. It follows that Henrietta Yvonne Winfield is entitled to share in these benefits by reason of the death of her father, Henry Winfield. The decree of the Chancellor holding to the contrary must accordingly be so modified.

The persons whom the Chancellor adjudged entitled to share in these death benefits were Lou Ester, the legitimate wife of Henry Winfield, and Ernestine Winfield, their child, and Tommy Buliox, the illegitimate four year old child born to Eleanor before her marriage ceremony with Henry Winfield. It is conceded on all sides that these three people are entitled to share in the death

benefits but it is assigned as error that the Chancellor erroneously adjudged the costs in taxing two-thirds thereof against the benefits to which Tommy Buliox is entitled and one-third against the benefits to which Lou Ester Winfield and Ernestine Winfield are entitled.

The equities of this case seem to make it proper to divide the costs between the beneficiaries inasmuch as the insurer, Travelers Insurance Company, has at all times conceded its liability as insurer to such persons as the Court determines are the beneficiaries. The Chancellor, therefore, was correct, in our opinion, in so deciding. Code Section 9116. It likewise seems equitable that two-thirds of this cost should be borne by those two children of Eleanor who have been adjudged entitled to benefits, those two children being Tommy Buliox and Henrietta Yvonne Winfield.

The decree of the Chancellor will accordingly be modified so as to adjudge two-thirds of the costs below and in this Court on the appeal against the benefits to which the said Tommy Buliox and Henrietta Yvonne Winfield are entitled, and one-third of such costs in both courts will be adjudged against the benefits to which Lou Ester Winfield and her child, Ernestine Winfield, are entitled. These costs will be paid by the appellee, Travelers Insurance Company, and credit allowed it in making payment of the benefits to or for the various beneficiaries.

The decree of the Chancellor modified in the respects mentioned will be affirmed and the cause remanded for further proceedings and the entry of a decree in accordance.

PREWITT, Justice, did not participate in the consideration of this case.