JEANETTE MARIE SHELLEY, by Next Friend,

*v.*

CENTRAL WOODWORK, INC.

(*Nashville,* December Term, 1959.)

Opinion filed October 7, 1960.

HAL GERBER, GERBER, ROND & GERBER, Memphis, for appellant.

W. OTIS FRANCE, Memphis, for appellee.

412

Mr. Justice Burnett delivered the opinion of the Court.

The sole question for determination in this case is whether or not a posthumous illegitimate child is a dependent under the Tennessee Workmen's Compensation Law? The Chancellor answered this question in the negative, depending primarily upon our case of *Sanders v. Fork Ridge Coal & Coke Co.*, 156 Tenn. 145, 299 S.W. 795. To this holding exceptions were duly taken and an appeal has been seasonably perfected, briefs filed and arguments heard. We now have the matter for disposition.

James Rice and Mary Shelley lived together in an illicit relationship and no common law marriage or marriage by estoppel ever existed between them. They did not enter into, or attempt to enter into, a formal marriage ceremony. Rice was killed in the scope of his employment on May 29, 1958. Jeanette Marie Shelley, the child of this habitation, was born November 28, 1958, and she is the posthumous illegitimate child of James Rice and Mary Shelley.

The Chancellor found "that from this cohabitation, the child involved in this case was born, that child being Jeanette Marie Shelley, and she having been born November 28, 1958, the Court further affirmatively finds that this child, Jeanette Marie Shelley, though an illegitimate

child under the laws of the State of Tennessee, is the natural child of Mary Shelley and James Rice.''

The answer to the question here presented demands that we take one further step than that taken in *Winfield v. Cargill, Inc.*, 196 Tenn. 133, 264 S.W.2d 584. In this case we held for excellent reasons therein set forth that the posthumous child of an employee's void marriage was entitled to share in Workmen's Compensation death benefits. The prime reason back of such a holding was that since the Code of 1932 was adopted, Section 8453 of that Code, now 36-832, T.C.A., that a child was legitimate even though born of a void marriage and thus entitled as a legitimate child to recover Workmen's Compensation benefits under the authority of *Travelers Ins. Co. v. Dudley* 180 Tenn. 191, 196-197, 173 S.W.2d 142, 144.

This Court in *Sanders v. Fork Ridge Coal & Coke Co.*, supra, held that an illegitimate child was not entitled to the benefits of our Compensation Act unless he had been born alive and was actually supported by the deceased employee. Since the amendment to the Code, 36-832, T.C.A., making a child of a void marriage or one which had been annulled legitimate, this Court then concluded in the Travelers Insurance case, supra, that the child was entitled to recover under subsection (a) (1) of Section 50-1013, T.C.A., in which minor children under sixteen years of age are conclusively presumed to be dependent upon the employee. The Court said in the Travelers Insurance case, that, ''Courts excluding a posthumous child from calculation of compensation do so because such child cannot be described as dependent at the time of the father's death. Under our statute, however, legitimate children under sixteen years of age are conclusively pre-

sumed to be dependent, and a posthumous child is a child in the sense of the law.'' This opinion was written by the late Chief Justice Green as was the *Sanders v. Fork Ridge Coal & Coke Co.* case.

The child here is not the child of a void marriage, but it is found as a fact that it is the child of the deceased employee. Thus it would probably take a rather broad imagination to make this child a legitimate child under the statute, 36-832, T.C.A. Subsequent to all the decisions above referred to, the Legislature passed a new Bastardy Act, which is embodied in Chapter 186 of the Public Acts of 1955 and is now codified as 36-222 et seq. in the Supplement to Tennessee Code Annotated. This Act under Section 36-223 provides that:

"The father of a child born out of wedlock is liable for the necessary support and education of the child. He is also liable for the child's funeral expenses. He is liable to pay for the expenses of the mother's confinement and recovery, and is also liable to pay such expenses, including counsel fees, in connection with her pregnancy as the court in its discretion may deem proper."

 Following this Section of the Code are a number of Sections providing the machinery for establishing the paternity of the father and enforcing the terms of the provision of the Code last above quoted. Clearly, though, by the study of these provisions, the Legislature in passing this Act did not evidence an intention to make these provisions the exclusive remedy of enforcing the father's liability. When the father dies prior to the birth of a child this machinery of establishing paternity and establishing the obligation as set forth in the statute above

quoted could not be put into force, but when it is established, as here, that the deceased is the father of this child then clearly the statute above quoted as to his obligations for an illegitimate child would come into force. This child now under the statute—36-223, T.C.A.—becomes a dependent of this father, and under the authorities above cited, particularly *Winfield v. Cargill, Inc.*, the posthumous child is a child in the sense of the law. This statute (Chapter 186, Acts of 1955, codified as shown, supra) clearly establishes it now as the general public policy of this State that the father of an illegitimate child becomes responsible for the things as set forth in this Section 36-223, supra, and that the child becomes a dependent of this father. Thus it is that under this Act that we are firmly convinced that now the illegitimate posthumous child of a father where the paternity is established is entitled to share in the compensation award for the injury or death of the father employee.

■ The rule that the Workmen's Compensation Act must be liberally construed to effectuate its purposes is almost as old as the Act itself. *Barker v. Curtis*, 199 Tenn. 413, 287 S.W.2d 43; *Great American Indem. Co. v. Friddell*, 198 Tenn. 360, 280 S.W.2d 908, and practically every reported case where any similar question of the kind of liberality of construction has been reported a similar statement to this above could be found. This law, Workmen's Compensation Act, is substitutional rather than supplemental or cumulative. We, of course, must keep in mind in the construction and application of the Workmen's Compensation Law the public policy of the State which it established and which clearly points out that the Act must always be determined where doubtful

issues arise under it in favor of the employee and his beneficiaries.

What we have said above is not without authority outside the State. The Supreme Court of Kansas in *Green v. Burch,* 164 Kan. 348, 189 P.2d 892, 898, held that a posthumous illegitimate child was entitled to compensation. That court quoted from a previous opinion of the court a quotation from Schneider on Workmen's Compensation, as follows:

"Where the father of an unborn child of an unmarried woman publicly expressed his intention to marry the woman and four days prior to the marriage, was killed, it was held that the child was entitled to an award for total dependency."

The child here under the 1955 Act, supra, codified in 36-223, T.C.A., being a dependent is entitled to compensation for the reasons herein above expressed. This seems reasonable to us for the purpose of this legislation was to relieve society and the State of the burden of supporting helpless, illegitimate children. This Act thus made it the legal duty for a father to support his illegitimate child. Thus it is that the child becomes a dependent and under the Workmen's Compensation Act, being a dependent, the child is entitled to recovery.

For the reasons above herein stated the decree of the Chancellor must be reversed and the cause remanded to the Chancery Court for the carrying out of this decree.