BRUCE RUSSELL TERRY, Plaintiff in Error,

*v.*

BURLINGTON INDUSTRIES, INC., Liberty Mutual Insurance Company, Leland Frances Terry, Randy Douglas Terry, and Thelma Lee Terry, Defendants in Error.

423 S.W.2d 476.

(*Jackson,* April Term, 1967.)

Opinion filed January 12, 1968.

JOHN B. MAXWELL, JR., Memphis, for plaintiff in error.

GEORGE L. RICE, JR., and CLIFFORD D. PIERCE, JR., Memphis, for defendants in error.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal in error from a judgment in a workmen's compensation proceeding, rendered in the Circuit Court of Shelby County, Tennessee.

On March 8, 1966, the employer, Burlington Industries, Inc., and its insurance carrier, Liberty Mutual Insurance Company, filed this suit to determine the proper parties to receive the workmen's compensation benefits resulting from the death of an employee, Therman Terry. Named as defendants were Therman Terry's first wife, Edythe Terry; his second wife, Leland Frances Terry; two children of the first marriage, Robert Terry and Thelma Terry; Bruce Terry, another child born to Edythe Terry and claimed to be the natural son of Therman Terry; and the only child of the second marriage, Randy Terry.

The testimony at the trial showed that Therman Terry and Edythe Terry were married on October 17, 1938. During their marriage, they lived in Lemon Springs, North Carolina. In July of 1955, Edythe Terry filed suit for divorce in the State of North Carolina, on the ground that Therman Terry had lived continuously separate and

apart from her for the two years next preceding the filing of the divorce petition. The divorce was granted on August 8, 1955. No provision for alimony or child support was included in the decree. Edythe Terry testified that Therman Terry had agreed to contribute to her and the children's support, and the record indicates that he continued to periodically send money until his death. Bruce Terry was born May 13, 1956. The birth certificate lists Therman Terry as the father. Edythe Terry testified that they had sexual relations both immediately before and immediately after the granting of the divorce.

The trial court ruled that Leland Frances Terry, Randy Terry and Thelma Terry were entitled to share the workmen's compensation benefits; that Robert Terry was over eighteen years of age at the time of the death of Therman Terry; and that Edythe Terry and Bruce Terry were also not entitled to share. The sole question for determination on this appeal is whether or not the trial court erred in excluding Bruce Terry from a share in the benefits.

Counsel for the plaintiff in error, Bruce Terry, in the trial court advanced three principal contentions in support of his entitlement to compensation benefits. The same are made on appeal. He first argues that Bruce Terry was the natural born son of Therman Terry; and, as such, is entitled to the conclusive presumption of dependency provided in the Tennessee Workmen's Compensation Act, T.C.A. sec. 50-1013(a) (1). That statute provides:

"50-1013. *Dependents—Compensation payments.*—(a) PERSONS WHOLLY DEPENDENT. For the purposes of the Workmen's Compensation Law the fol-

lowing described persons shall be conclusively presumed to be wholly dependant:

(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury, *and minor children under the age of sixteen (16) years."* (Emphasis added.)

Secondly, the plaintiff in error contends that if a child is required to be legitimate to come within the provisions of T.C.A. sec. 50-1013(a) (1), evidence was produced at the trial to prove that Bruce Terry was a legitimate child of the marriage of Therman and Edythe Terry.

The plaintiff in error lastly argues that even if Bruce Terry was not entitled to the conclusive presumption of dependency created by T.C.A. sec. 50-1013(a) (1), he is still entitled to share in the benefits. This, because the evidence showed that he was, in fact, supported by Therman Terry and was thus entitled to the status of a dependent under T.C.A. sec. 50-1013(c).

The evidence at the trial consisted mainly of testimony concerning the status of Bruce Terry. The trial court made a finding of fact that Bruce Terry was not the legitimate child of Therman Terry. In this respect, he held that legitimacy was essential to place a person in the status of "child" under T.C.A. sec. 50-1013(a) (1). The trial judge further found that Bruce Terry was not, in fact, a dependent of Therman Terry. For these reasons, the trial judge concluded that Bruce Terry was not entitled to receive any of the compensation benefits.

The trial judge made no specific finding on the issue of paternity. He merely stated that a ruling on this question was not necessary, since the conclusive presumption

of dependency under T.C.A. sec. 50-1013(a) (1) applies only to legitimate children.

 We have examined the record and find that there is material evidence to support the trial judge's findings that: (1) Bruce Terry was not the legitimate child of Therman Terry, and (2) Bruce Terry was not a dependent of Therman Terry. While there is basis here for diversity of opinion as to these conclusions; under rules long established, this Court is not at liberty to re-weigh the evidence beyond the limits of the material evidence rule. See T.C.A. sec. 50-1018, Note 40, and a host of thoroughly reasoned authorities cited thereunder. We are therefore left with the sole ultimate issue of whether or not a child must be legitimate to be entitled to the protective ambit of the conclusive presumption of dependency provided for in T.C.A. sec. 50-1013(a) (1).

The trial judge based his conclusion that the presumption of dependency applies only to legitimate children on the decisions of this Court in *Sanders v. Fork Ridge Coal & Coke Co.* (1927) 156 Tenn. 145, 299 S.W. 795; and *Travelers Insurance Co. v. Dudley* (1943) 180 Tenn. 191, 173 S.W.2d 142. In *Sanders v. Fork Ridge Coal & Coke Co.,* supra, it was held that a posthumous illegitimate child was without the coverage of the Workmen's Compensation Act. The rationale was that, for an illegitimate child to enjoy the benefits of the Act, "he must have come into being and have been actually supported by his father, the deceased employee." In explaining its prior holding on this same subject in *Portin v. Portin* (1923) 149 Tenn. 530, 261 S.W. 362 the Court observed that the word "child" or "children" used in the Workmen's Compensation Act, means legitimate child or children, but, if an illegitimate child is actually supported by

the employee, that child could receive the benefits of the Act.

The plaintiff in error argues that the more recent opinion of this Court in the case of *Shelley v. Central Woodwork, Inc.* (1960) 207 Tenn. 411, 340 S.W.2d 896, recognized and applied a change in Tennessee statute law regarding that which is necessary to bring a minor child within T.C.A. sec. 50-1013(a) (1). It is correct to say that this Court there held that a posthumous illegitimate child was a dependent, entitled to benefits under the Tennessee Workmen's Compensation Act, citing T.C.A. sec. 50-1013(a) (1). The Court analyzed *Sanders v. Fork Ridge Coal & Coke Co.*, supra, and *Travelers Insurance Co. v. Dudley*, supra, but pointed out that those cases were decided before the Tennessee Legislature passed the Bastardy Act of 1955.

This Act, as codified in T.C.A. sec. 36-223, provides that:

"36-223. *Liability of father of child born out of wedlock.*—The father of a child born out of wedlock is liable for the necessary support and education of the child. He is also liable for the child's funeral expenses. He is liable to pay for the expenses of the mother's confinement and recovery, and is also liable to pay such expenses, including counsel fees, in connection with her pregnancy as the court in its discretion may deem proper."

The Court reasoned that this provision made the father responsible for his illegitimate children; and that, since the child was thus made a dependent under that Act, he was entitled to recover as such under the Workmen's Compensation Act. The Court stated:

"The child here under the 1955 Act, supra, codified in 36-223, T.C.A., being a dependent is entitled to compensation for the reasons herein above expressed. This seems reasonable to us for the purpose of this legislation was to relieve society and the State of the burden of supporting helpless, illegitimate children. This Act thus made it the legal duty for a father to support his illegitimate child. Thus it is that the child becomes a dependent and under the Workmen's Compensation Act, being a dependent, the child is entitled to recovery."

The defendants in error seek to distinguish *Shelley v. Central Woodwork, Inc.*, supra, by pointing out that a posthumous illegitimate child has no opportunity to follow the procedure set forth by the statutes to establish his paternity; whereas, in the present case, the plaintiff in error had ten years to have himself judicially declared entitled. It is argued that neither he nor his mother for him made any effort in this direction; and, thus, the defendants in error urge that he is now precluded from asserting that status. It is their position that to allow him to now claim paternity would open the door to the fraud which the Bastardy Act was designed to prevent. We find no merit whatever in this.

After long study and contemplation of the record, briefs, arguments and authorities, we are led to the firm conclusion that if Bruce Terry can prove that Therman Terry was actually his father, he falls within the conclusive presumption of dependency contained in T.C.A. sec. 50-1013(a) (1); and consequently would be entitled to share in the benefits at issue in this case. As noted before, no determination was made in the trial court on the

issue of paternity. For final disposition of this case, a finding on this issue must be made.

We are concerned that nothing said in this opinion shall, in anywise, detract from our gratitude for, and admiration of, the industrious and discriminating efforts of counsel for the respective parties in this case.

We must, however, say that the judgment of the lower court is reversed and the case remanded for further proceedings in accordance with this opinion. The costs of this appeal are assessed against the defendants in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.