Rogers *et al. v.* Butler (two cases).

(*Knoxville*, September Term, 1935.)

Opinion filed April 8, 1936.

CARTER J. LYNCH and DAWSON HALL, both of Chattanooga, for E. A. Rogers and Hamilton County.

S. H. FORD, of Chattanooga, for Maude Butler and Berry Butler.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

These two suits tried together were brought by Maude Butler, a child of twelve years, and her father, Berry Butler, against E. A. Rogers and Hamilton county to recover damages on account of injuries to the little girl sustained in a fall from a school bus. There was a judgment for $3,500 in favor of the child and a judgment for $1,000 in favor of her father against both defendants. These judgments were affirmed by the Court of Appeals and we granted the defendants' petitions for *certiorari*.

The facts of the case are fully discussed by the Court of Appeals. It is sufficient to say that the young girl, a pupil at a county school, fell from a bus in which she was riding from the school to her home. The vehicle was being operated by defendant Rogers under contract with Hamilton county to transport the children of a particular section of that county to and from the school aforesaid. There was substantial evidence upon which

the jury was warranted in finding that defendant Rogers was guilty of negligence in the operation of the bus. The difficulty presented is with respect to the liability of the county.

It is conceded that in the maintenance of its schools and, indeed, in providing for the transportation of the children to and from its schools, the county was engaged in a governmental function and ordinarily would not be liable for the negligence of its agents and employees in such undertakings. But it appears in this case that the county had taken out an insurance policy to protect itself and its employee Rogers from liability on account of accidents such as here involved. The policy is not in the record, but references show it to be in an amount sufficient to cover both judgments.

The county's pleadings disclose that the insurer declined to undertake the defense of these suits on the ground that the county had failed to give seasonable notice of the accident as required by the terms of the policy. The Court of Appeals found no proof as to the asserted failure to give the insurer notice of the accident, and in the absence of any showing that the insurer had thus been released, that court held the county, along with Rogers, absolutely bound for the judgments. The court held that under such circumstances the defense of governmental agency was not available to the county.

We do not think unconditional judgments should be rendered against the county in these cases. We do not see how the county is more liable for the negligence of its agents with respect to giving notice of the accident to its insurer than it would be for the negligence of its agents in other matters. The judgments as entered in the lower courts might be enforced against the county

irrespective of any recourse of the county against the insurer.

■ We think it was proper for the county to take out liability insurance covering the operation of its school busses. Our statutes justify such procedure.

Subsection (5) of section 2326 of the Code is as follows: Giving the county board power "to purchase equipment and employ a driver, or to contract with persons owning equipment, for transporting pupils to and from school; provided, that such expenditures shall be duly authorized in the budget approved by the quarterly county court, and provided, further, that such transportation may be established and maintained economically, based on cost and efficiency."

Section 2495 of the Code is in these words:

"Transportation may be provided for groups of children of school age who live more than two miles from the school building, by the nearest accessible route, whenever in the judgment of the county board of education such transportation can be economically provided, or whenever the efficiency of the school or schools can be improved thereby; provided, that neither the state nor the municipality shall collect a privilege tax from the driver of any horse-drawn or motor vehicle who has a contract with the county board of education to transport the children of any community to and from school unless such driver should carry other persons than school children for profit; provided, further, that the county board of education may require the driver of any vehicle to make bond in the amount not less than five hundred dollars for the faithful performance of the duties that the position imposes; and provided, further, that the driver of any vehicle shall preserve order among

all the children while they are in his custody and shall follow schedules and cover distances prescribed by the county board of education.''

Certainly one of the duties imposed upon the driver of a school bus is the use of appropriate care in transportation of the school children. Such care is inseparable from ''faithful performance'' of such duties. A bond taken to secure due care on the part of a driver is but a mode of insuring against the consequences of his negligence. It is immaterial that the obligation taken be in the form of a liability insurance policy. Either instrument serves the purpose of the statute. Either is within the authority of the county board of education.

██ One reason supporting the general rule that a county cannot be held liable for the negligence of its agents and employees is that the county has no fund out of which satisfaction for damage thus inflicted can be had. *McAndrews* v. *Hamilton County,* 105 Tenn., 399, 58 S. W., 483. Under authority of the statutes quoted, the county has supplied a fund or insurance policy to compensate school children riding on its busses for injuries inflicted by the negligence of those operating such busses. There is, however, no other county fund, and no other authority to provide a fund, to take care of claims of this sort.

It follows that the judgments rendered against the county must be satisfied out of such recovery as the county may obtain on its liability policy aforesaid. In other words, the judgments must be limited in their scope something after the manner in which judgments *in tort* against charitable institutions are restricted. See *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, 200 S. W., 510, L. R. A., 1916C, 875.

If Hamilton county and Rogers effect no settlement with the insurer and provide no fund thereby to satisfy the judgments herein, and there is no satisfaction out of Rogers, a suit or suits may be brought by the plaintiffs in the name of Hamilton county and Rogers for plaintiffs' use to determine the liability of the insurer in the premises. As started above, the liability policy is not before us and we are not passing on the rights of the county and of Rogers against the insurer.

The costs of the two cases will be taxed one-half to the plaintiffs and one-half to the defendants herein.