TAYLOR et al. v. COBBLE et al. No. 1.—187 S. W. (2d) 648.

Eastern Section. January 5, 1945.

Petition for Certiorari denied by Supreme Court, May 5, 1945.

168

Milligan & Haynes, of Greeneville, for plaintiff in error.

J. W. Kilgo and Leon E. Easterly, both of Greeneville, for defendants in error.

McAMIS, J. This is an action for personal injuries sustained by Elnora Cobble, a minor, as a result of hav-

ing been struck by a school bus operated by Frank Taylor. The father also sued for medical expenses and loss of services. The jury returned a verdict in favor of Elnora Cobble for $5,000 and in favor of the father for $300.

Both actions were against Frank Taylor, the driver of the school bus, the Greene County Board of Education and Greene County. At the conclusion of plaintiffs' proof in chief the court directed a verdict in favor of Greene County but overruled a motion for a directed verdict in behalf of the other defendants, both at the close of plaintiff's proof in chief and at the close of all proof. However, at the hearing of the motions for a new trial, a verdict was directed in favor of the Board of Education. The motion of Frank Taylor for a new trial was overruled and he has appealed in error to this court. The plaintiffs have also appealed and assigned as error the action of the court in directing a verdict in favor of the Board of Education and Greene County.

We think the learned trial judge was in error in directing a verdict in favor of the Board of Education but correctly sustained the motion of Greene County.

Under Code, Section 2495, County Boards of Education are authorized to provide for the transportation of children of school age who live more than two miles from the school building by the nearest accessible route, and such Boards are authorized to require the driver of any vehicle to make bond for the faithful performance of his duties. This includes a bond insuring against the consequences of the driver's negligence. Rogers v. Butler, 170 Tenn. 129, 92 S. W. (2d) 414.

It appears from the testimony of the Superintendent of Education of Greene County that the Board, as authorized, provided transportation for school children

of the County and required the drivers of school busses to carry public liability insurance. There is filed as an exhibit to his testimony a policy insuring Frank Taylor and the Greene County Board of Education against liability in the operation of Taylor's bus limited, however, to $5,000 for injuries sustained by a single person. It does not appear that Greene County is so indemnified or that it has provided a fund for the payment of such claims. It filed a plea interposing the defense that, in the transportation of school children, it was engaged in a governmental function and that no judgment could be rendered against it. Under this plea we think the trial judge was correct in directing a verdict as to Greene County. Rogers v. Butler, supra.

The Circuit Judge assigned no reason for his action in sustaining the motion as to the Board of Education and only two reasons are advanced by its counsel as sustaining this action: (1) That Elnora Cobble, the injured child, lived less than two miles from the school she was attending and (2) that there is no proof that the particular bus which struck her was covered by the policy introduced in evidence.

As to the first question we are not cited to any stipulation in the policy tending to limit the Company's liability to children living more than two miles from the school building. On the contrary the coverage appears to be general in scope. We express no opinion as to whether the transportation of children living less than two miles is ultra vires or whether the insurer can ultimately defend upon this ground since it is not a party to this suit. If we sustain this defense in the present action against the Board the result would not inure to the benefit of the Board but to an insurer who has been paid a premium and

seemingly assumed a risk covering a class of students not contemplated by the statute.

Where a policy has been issued and was in full force and effect when the injury occurred and the non-liability of the insurer is not clear from the record, we think the safer and better practice is to let the judgment stand and limit collection to the coverage afforded by the policy. Rogers v. Butler, supra. This is in line with the practice followed in Gamble v. Vanderbilt University, 138 Tenn. 616, 200 S. W. 510, L. R. A. 1916C, 875 and Hammond Post No. 3, American Legion v. Willis, 179 Tenn. 226, 165 S. W. (2d) 78, involving charitable institutions.

As to the second question, that the policy in evidence is not shown to cover the particular bus in question, the Board relies upon Taylor's testimony that he was operating more than one bus when the plaintiff was injured whereas only one policy was introduced in evidence and the proof fails to show that the bus which struck plaintiff is the one described in the policy. The proof, however, shows that the Board required school busses operating under contracts with it to carry indemnity insurance and whether this particular bus was covered by the policy introduced in evidence is immaterial on the issue of immunity from liability. It is true the proof does not show the amount of coverage afforded by the other policies but the amount of insurance becomes material only in the collection of the judgment rendered and we do not see that the name of the insurer is in any sense material.

For the reasons indicated we think the learned trial judge was in error in directing a verdict in favor of the Board of Education and plaintiffs' assignments

complaining of this action are sustained in so far as that action rests upon the questions discussed. The Board's liability under the facts of the case will be considered along with Taylor's assignment that the court erred in not directing a verdict in his favor at the conclusion of all the evidence.

On that question we think a case for the jury was clearly made out. According to the view of the evidence which seems to have been adopted by the jury and trial judge, the facts are as follows: Plaintiff Elnora Cobble was standing near the side of a hard surface road at the accustomed place preparatory to boarding the school bus to go home after school. There were a number of other children including her little brother five years of age. She was holding her brother's left hand in her right hand as the bus approached from her left. When the bus reached a point some thirty feet away the door, operated by Taylor by means of a hand lever, swung open and extended at right angles from the bus and was thus hanging over the shoulder when it came to the place where plaintiff was standing. There is credible proof that the bus failed to stop at the usual place. Plaintiff is unable to state definitely that the door struck her but her little brother did so testify and other witnesses say they saw the door coming at her and in position to strike her if it continued in its forward motion.

Under these circumstances, we think the jury might find that Taylor was not acting with the proper degree of care in the operation of the bus. If the door had been left shut or if the bus had stopped at the accustomed place the injury would not have occurred. We cannot say that the physical fact that Elnora was found under the bus is so inconsistent with the testimony of

174

witnesses that their testimony must be rejected as a matter of law. If Elnora was standing near the side of the bus it is not difficult to see that she might have been thrown under it, especially in view of Taylor's testimony that he swerved to the left to avoid striking the children standing by the side of the pavement.

It is insisted that even if the proof is sufficient to show that the door struck plaintiff as charged in the first count of the declaration, there is no competent evidence that Taylor was not on the lookout as charged in the second count and that the court should have directed a verdict upon the latter count. While the motion does state that it is made as to each count of the declaration in each case, there was no attempt to set out specifically and separately the different reasons why the plaintiffs failed to make out a case under each count. We do not think the motion sufficient to invoke the action of the court on each count separately. The rule is that a special motion should be made as to each count challenging the sufficiency of the proof as applied to the particular counts or the reason why the plaintiff cannot prevail on a particular count. Tennessee Procedure (Higgins & Crownover), Section 1379.*

■ ■ Several of the assignments are directed to the action of the Court in permitting plaintiffs to introduce in evidence the insurance policy indemnifying Taylor and the Board against any judgment within the policy limits. It is insisted that this constituted reversible error as to Taylor since the policy was not material to his liability. As the trial judge observed we do not see how this policy could have been introduced to overcome the Board's plea of immunity to suit without disclosing that Taylor was

*See discussion of this question on petition to rehear.

also covered. Plaintiffs' counsel agreed that if the Board would admit the existence of a policy indemnifying it the policy would not be introduced in evidence, but no such agreement was made and the policy, we think, was properly admitted as necessary to establish the suit against the Board. The objection to its introduction was sustained as to Taylor in the presence of the jury and we do not see how more could have been done to protect him under the circumstances.

It is next insisted that a new trial should be granted because of alleged misconduct of the jury in discussing the subject of insurance during its deliberations. The weight of the evidence is that the jury was not influenced by the existence of insurance in arriving at its verdict and we are unable to say that the trial judge erred in not granting a new trial upon this ground.

We think the verdicts not excessive as insisted. The $300 allowed for medical expenses is well within the proof. We think the verdict for $5,000 for the injuries sustained within the permissible limits generally accorded jury verdicts approved by the trial judge in personal injury cases.

The proof shows that the rear wheel of the bus rolled against or upon plaintiff's abdomen and that, as a result of being struck by the door of the bus or in falling, she sustained a fractured collar bone, a fractured heel bone; that her pelvis was fractured and that she was rendered unconscious for a short time. She was placed in a cast and forced to lie on a canvas-covered frame for several weeks. At the time of the trial more than two years after she was injured she was still not able to walk as well as before the injury and was still suffering some nervousness and other ailments of a minor nature. The

injuries were painful and severe and, while she may not suffer any permanent disability, we cannot say that the verdict, as approved, is excessive.

The judgment as to Taylor are in all respects affirmed but, since it is fairly apparent that the Board of Education is not protected for more than $5,000, the judgments to be here entered against the Board will not exceed that amount and will be enforced exclusively against the indemnity, if any, afforded by the policy.

## On Petition to Rehear.

The first ground of the petition to rehear, filed by Taylor and the Board of Education, is that we failed to respond to the assignment that the trial court erroneously refused to strike from the declaration all references to a policy of indemnity insurance. This averment was necessary to sustain liability against the Board and while it might have been proper to eliminate the reference to Taylor's name in connection with this particular averment it was inevitable that the jury would see that he was also insured upon the policy being introduced in evidence. For this reason and the further reason that the evidence shows affirmatively that the jury was not influenced by the existence of indemnity insurance this ruling of the trial judge must be considered harmless error. Pub. Acts of 1911, Chap. 32.

The second ground of the petition to rehear invites further consideration of our holding defendants not entitled to a reversal and a new trial because of the failure of the trial court to direct a verdict upon the counts of the declaration not sustained by proof. The statement contained in our former opinion that the motion as to each count was not sufficient to invoke the action of the

trial court was not necessary to a decision of the case on appeal and is now recalled, though we find respectable authority to sustain the view expressed; and it seems to us impractical to expect the trial judge to sift the evidence and apply it to numerous counts in the declaration without the benefit of any expression from counsel except that there is no evidence to sustain a verdict and that the motion is made as to each count in the declaration.

 Under Code, Section, 8824 a general verdict is not vitiated by the absence of proof on some counts of the declaration if there is evidence to sustain the averments of a single count. East Tennessee, V. & G. R. Co. v. Gurley, 12 Lea 46, 80 Tenn. 46; Tennessee Cent. Ry. Co. v. Umenstetter, 155 Tenn. 235, 291 S. W. 452; Sledge & Norfleet v. Bondurant, 5 Tenn. App. 319; Allen et al. v. Melton, 20 Tenn. App. 387, 99 S. W. (2d) 219; Wilson v. Moudy et al., 22 Tenn. App. 356, 123 S. W. (2d) 828; Schumpert v. Moore, 24 Tenn. App. 695, 149 S. W. (2d) 471.

Moreover, a reversal is forbidden by statute, Chapter 32, Pub. Acts of 1911, for any error in procedure unless it affirmatively appears that the error complained of affected the result of the trial.

The force of both of these statutes in a case quite similar to this was before the Supreme Court in the Umenstetter case, supra, and was fully discussed by Mr. Chief Justice Green in an opinion which removes any need for discussion by us. Because the opinion so clearly demonstrates that this case should not be reversed and remanded for a new trial, as insisted, we quote it in part [155 Tenn. 235, 291 S. W. 453]:

"Counsel for the plaintiff in error has made a strong argument here to sustain the conclusion of the Court of

Appeals that there was no evidence of common-law negligence offered on the trial. At the same time he conceded that there was evidence of the failure to observe the statutory precautions. Could we reasonably be asked in such circumstances to refer the verdict of the jury to the common-law court? Could we say that the jury found the plaintiff in error breached its common-law duties, when there was no evidence of such breach? On the other hand, are we not compelled to say that the jury found the plaintiff in error to have breached its statutory duties, it being admitted that there was evidence to this effect. Certainly there is nothing before us to show affirmatively that the jury based the verdict upon the count not sustained by the proof, or to show that the jury was confused by the charge.

"We cannot escape the act of 1911 in disposing of this case."

We think this reasoning has direct application here. Not only is there no affirmative showing that the jury found liability under a count of the declaration unsupported by the evidence but there is an often applied presumption that the judgment appealed from is regular and valid in every respect. There is in our opinion no valid distinction between the Umenstetter case and this.

For the reasons indicated we are constrained to adhere to our former holding that the case should not be reversed because of the failure of the trial judge to direct a verdict on certain counts of the declaration not sustained by the proof.

The third ground of the petition is covered by our original opinion and will not be further considered.

Costs of the lower court incident to making Greene County a party defendant in each case will be

taxed to plaintiffs and sureties on their respective prosecution bonds. Costs of appeal and all other costs below will be jointly taxed to Taylor and appeal surety and the Board. Collection of costs taxed to the Board, however, will be limited to its indemnity insurance, if any, as in the case of the judgment.