# MORGAN v. TENNESSEE CENT. RY. CO.—216 S. W. (2d) 32.

Middle Section. July 31, 1948.

Petition for Certiorari denied by Supreme Court, Dec. 11, 1948.

410

412

Norman & Keefe, of Nashville, for plaintiff in error.

Roberts & Roberts, of Nashville, for defendant in error.

HICKERSON, J. Mary Lee Morgan, widow of Harley Morgan, brought this suit against Tennessee Central Railway Company to recover damages for the death of her husband.

She alleged in the first count of her declaration:

"The defendants own and operate railroads and do so within the corporate limits of the City of Nashville, Davidson County, Tennessee. As a part of said railroad operations, defendants operate and maintain a railroad track which runs approximately east and west, crossing both Fourth Avenue, North, and Fifth Avenue, North, at a point between Harrison Street and Jackson Street, and which said track follows the south edge of the Nashville Baseball Club's grounds from Fourth Avenue west to Fifth Avenue, and thence across said Fifth Avenue on in a westerly direction.

"Plaintiff alleges that the defendants operated said railroad track on January 17, 1947, and were running its trains and engines over the same and that defendants

had no appropriate signal or danger signs at said crossing of said track with Fifth Avenue, North, of any kind, and particularly no light or signal to notify trafic going north or south on Fifth Avenue, North, of the approach of its trains during the night time or in darkness.

"Plaintiff further alleges that on said date about 4:50 A. M., plaintiff's husband was a passenger in an automobile being driven by J. D. Lewis, which car was being driven by the said Lewis south on Fifth Avenue, North. As plaintiff's husband was thus riding in said automobile and approaching the point on said Fifth Avenue, North, where defendants' railroad crosses the same, and while plaintiff's husband was in the exercise of ordinary care and prudence, the defendant's agents, servants and employees negligently, carelessly and unlawfully drove the locomotive engine belonging to the defendants west along said railroad track out from behind the building of the Nashville Baseball Park blindly upon and cross said Fifth Avenue, North, and drove said engine upon and against the automobile in which the plaintiff's husband was riding, striking said automobile with such force and violence as that it was dragged west on said railroad track into the adjoining field."

In the second and third counts of her declaration plaintiff alleged statutory grounds of negligence.

Other railway companies were originally made defendants to plaintiff's suit, but the case was dismissed as to them.

Defendant pleaded not guilty.

At the conclusion of plaintiff's proof, defendant moved the court for a directed verdict and the motion was overruled. We quote the motion and the action thereon:

"Defendant's Motion for Directed Verdict.

"Mr. Roberts: If your Honor please, at the conclusion of the evidence for the plaintiffs in chief, the defendant moves your Honor for a directed verdict in its favor, as to the declaration as a whole and to each count separately in each case. And particularly is my motion directed to the common law count, for the reason that all of the evidence is that the plaintiff Lewis was familiar with this crossing, knew that he was coming to a railroad track, that he should have seen this approaching train in time to have saved this collision, that he was running too fast under the circumstances, and the preponderance of the evidence showing him to have been guilty of contributory negligence. Now, with respect to the Morgan case: Under this evidence they were on Morgan's trip, and that would, of course, make any negligence of Lewis applicable to Morgan.

"The Court: I get your idea.

"Mr. Roberts: In other words, Mr. Lewis had to take Morgan out there and take him back, on Morgan's own business. I don't care to argue the matter.

"After some argument on both sides, the court said:

"The Court: Let the motion be overruled."

Two suits were tried together. Only the case of Mary Lee Morgan is before this court.

At the conclusion of all the evidence, defendant "renewed" its motion for directed verdict in these words:

"If your Honor please, at the conclusion of all the evidence by all the parties, the defendant renews its motion for a directed verdict that was made at the close of the evidence in chief for the plaintiffs. That goes to each case and to the declarations as a whole, and to each count separately. We argued the matter, as far as Mr. Morgan's case is concerned, this morning, and I don't care to dwell on that any more."

The court overruled this motion and submitted the case to the jury.

The jury returned a verdict in favor of plaintiff and assessed her damage at $10,000.00. Judgment was entered on the verdict.

Defendant moved for a new trial upon ten grounds. All of these grounds were overruled, except the tenth, which was:

"The court erred in overruling defendant's motion for a directed verdict in its favor made at the conclusion of all the evidence in the case."

This tenth ground of defendant's motion for new trial was sustained, and the court directed a verdict for defendant, and dismissed plaintiff's suit.

The judgment of the court states:

"After argument of counsel and consideration by the court of all the evidence in the case, the court is of the opinion that it erred in overruling the defendant's motion for a directed verdict in this case made at the close of all the evidence in the case, and so adjudges. The other grounds of the motion for a new trial are overruled. The court is further of the opinion that, if the court is in error in now setting aside the verdict of the jury, granting the defendant a new trial and in directing a verdict for the defendant in this case, the court is otherwise satisfied with the verdict of the jury."

Thereupon, plaintiff filed a motion for new trial based upon one ground:

"The court erred in sustaining the defendant's tenth ground of its motion for a new trial, in setting aside the verdict of the jury, in directing a verdict in favor of the defendant, and in dismissing plaintiff's suit."

The motion of plaintiff for new trial was overruled. She appealed in error to this court.

Defendant brought the case to this court by writ of error to review the action of the trial court in overruling the first nine grounds of its motion for new trial.

The trial judge submitted the case to the jury on the first, or common law count of plaintiff's declaration. No objection was made to his failure to charge relative to the second, or statutory count. (Plaintiff concedes she abandoned the third count.) No request was made for further instructions by plaintiff. We do not think plaintiff can successfully make the question in this court that the case was submitted to the jury on the first or common law count only. That action of the court was justified under this record. The minds of all reasonably prudent men must reach the conclusion, under this record, that defendant's train, which was involved in the accident, was engaged in a switching operation at that time.

Subsection (4) of Code Section 2628 does not apply, and there can be no recovery under it, when the train is engaged in a switching operation. The second count of plaintiff's declaration was based upon this code section, and there was no evidence to take the case to the jury upon this count. It is apparent that the trial judge recognized that fact and failed to charge the jury upon the second or statutory count of the declaration; and that plaintiff made no objection to the failure of the trial judge to submit the second count to the jury for the same reason. Chattanooga Station Company v. Harper, 138 Tenn. 562, 199 S. W. 394; Nashville, C. & St. L. Ry. v. Lovejoy, 138 Tenn. 492, 198 S. W. 61; Southern R. Co. v. Pugh, 95 Tenn. 419, 32 S. W. 311.

Wherefore, we shall treat the case in this court as an application to review the judgment of the trial court in regard to the first count of the declaration.

Did the trial judge err when he sustained the tenth ground of defendant's motion for new trial, directed a verdict for defendant, and dismissed plaintiff's suit?

Plaintiff alleged two grounds of negligence against defendant: (1) Failure to have some sign or signal at the crossing where the accident occurred which would warn users of the street of the approach of trains; and (2) The negligent operation of its train by defendant.

Upon the consideration of a motion made by defendant for directed verdict "plaintiff is entitled to all legitimate inferences of fact favorable to him which may be reasonably drawn from the evidence tending to support the cause of action stated in his declaration," Prudential Insurance Company v. Davis, 18 Tenn. App. 413, 429, 78 S. W. (2d) 358, 368; and "the trial judge should take the most favorable view of the evidence supporting the rights asserted by the party against whom the motion is made, and discard all countervailing evidence," Wildman Manufacturing Company v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984, 985.

Bearing in mind these rules in relation to a motion by defendant for a directed verdict, there is substantial material evidence in the record to support the following facts:

Fifth Avenue North and defendant's track intersect at a grade crossing in the City of Nashville near the southwest corner of the grandstand of the Southern League Baseball grounds. This is a semi-blind crossing because the grandstand obstructs the view. About five o'clock on the morning of January 17, 1947, while it was dark, defendant was switching cars over this track. Its engine was going west pulling eight cars. It was traveling at a speed ranging from two to twenty-five miles an

hour. Traveling as it was, it could have been stopped at a distance of two to four feet.

At the same time Harley Morgan was riding as a guest in an automobile which was owned and operated by J. D. Lewis. The lights on the car were in perfect condition and burning on bright. The brakes were in perfect condition. The car was traveling twenty to twenty-five miles an hour and was approaching the intersection of Fifth Avenue North and defendant's track at the corner of the baseball grandstand going towards the south. The lights on the car did not reveal the engine of defendant until the engine had about reached the east curb of Fifth Avenue.

There were no signs or warning signals to give notice to the occupants of the car of the approach of defendant's train.

Defendant recognized this was a dangerous crossing. To guard against accident it placed a flagman, or switchman, on the front of its engine to signal the engineer to stop if a car were approaching. This switchman saw the car in which the deceased was riding coming towards the crossing from the north on Fifth Avenue about one hundred yards from the crossing. The switchman promptly gave the engineer the signal to stop the engine before they reached the crossing. The engineer could have stopped the train after the switchman gave the signal by the time the train reached the east curb of Fifth Avenue. He testified he was running two or three miles an hour and that the train could have been stopped in two to five feet. The engineer did not stop the engine, but ran it two-thirds across Fifth Avenue before he stopped it.

Plaintiff's car was within ten to fifteen feet of defendant's track when the driver saw the engine. It was

a Diesel engine and made no noise. The driver of the car put on his brakes and had come to a dead stop "right astraddle that track" when the engine struck him on the left side of his car.

The driver saw the engineer just before the collision. At that time the engineer was looking back toward the cars he was pulling.

There is no proof of any negligence on the part of Harley Morgan.

The train struck the car about two-thirds of the distance across Fifth Avenue on the west side of that street.

Harley Morgan received injuries from which he died the following day.

There is a sharp conflict in the testimony relating to many of the material facts in this case. Each side introduced evidence to support its contentions of fact. However, taking that view of the evidence most favorable to plaintiff, accepting the evidence which tended to support the cause of action stated in her declaration, and disregarding all countervailing evidence, the foregoing finding of facts finds ample support in the testimony.

■ Where a guest in an automobile is injured by the combined negligence of the driver host of the automobile and a railroad company in a grade crossing accident; and such combined negligence is the proximate cause of the accident; an action will lie in behalf of the injured guest, or his widow in the event he is killed, against the driver of the automobile and the railroad company, or against either of them. Tennessee Cent. R. Co. v. Vanhoy, 143 Tenn. 312, 226 S. W. 225.

■ Where a railroad company relies upon the contributory negligence of a guest in an automobile who is injured in a collison between the car in which he is riding and a train in a crossing accident, the burden of

proving such contributory negligence is on the railroad; and, in the absence of such proof, the presumption that the guest exercised due care for his own safety prevails. Tennessee Cent. R. Co. v. Herb, 134 Tenn. 397, 183 S. W. 1011.

The negligence of the driver of an automobile is not imputable to a guest. Gulf, Mobile & Ohio R. Co. v. Underwood, 182 Tenn. 467, 187 S. W. (2d) 777; Schwartz v. Johnson, 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323; Stem v. Nashville Interurban Ry. etc., 142 Tenn. 494, 221 S. W. 192.

A guest is charged with the duty of exercising ordinary care for his own safety. Louisville & N. R. Co. v. Anderson, 159 Tenn. 55, 15 S. W. (2d) 753.

When a litigant moves for a directed verdict on specific grounds, he will be confined to those grounds on appeal. Friedman v. Georgia Showcase Co., 27 Tenn. App. 574, 183 S. W. (2d) 9; Nashville Trust Co. v. Prudential Insurance Co., 8 Tenn. App. 678.

Defendant's motion for directed verdict was based solely on the ground that the driver of the car in which the deceased was riding was guilty of contributory negligence which barred a recovery by the driver, and that this negligence of the driver was imputed to Harley Morgan so as to bar a recovery for his death.

The court held, as a matter of law, that Harley Morgan was a guest in the car and charged the jury upon that theory.

Thereafter, the trial judge directed a verdict for defendant upon the motion for new trial on the grounds specified in the motion for directed verdict: that the driver of the car was guilty of contributory negligence which barred his recovery and his contributory negligence was imputed to the guest so as to bar a recovery for the

death of the guest. The action of the court in directing a verdict for defendant was based upon an erroneous theory of the law.

We do not find any ground which would have justified directing a verdict for defendant. It is not even contended in the motion for directed verdict that there was no evidence to take the case to the jury upon the ground of defendant's actionable negligence. Furthermore, as stated, no contributory negligence on the part of Harley Morgan was shown.

■ Plaintiff's assignment of error is sustained. The proof in this case unquestionably entitled plaintiff to take her case to the jury.

Before passing upon plaintiff's contention that the judgment as originally entered by the trial court should be reinstated and judgment should be entered for her in this court, we shall consider two questions raised by defendant's assignments of error.

■ First, the question is made by defendant that there is no evidence to support the verdict, and a new trial should have been granted it upon that ground. There was abundant evidence to support the verdict. Defendant's own witnesses made a case for the jury on its negligence.

Second, defendant assigns as error that the trial judge held as a matter of law that Harley Morgan was a guest in the car when the accident occurred; and that this question should have been left to the jury.

The effect of this action of the trial judge was to direct a verdict for plaintiff on the question whether Harley Morgan was a guest in the car. The driver of the car was the only witness who testified that Harley Morgan was a guest in the car when the accident occurred. Wherefore, to hold, as a matter of law, that deceased

was a guest in the car, the trial judge had to accept as true the testimony of the driver on this subject.

■ Defendant had the constitutional right to have all issues of fact decided by a jury if the evidence was in conflict on the issues. Constitution of Tennessee, Article 1, Section 6, and Article VI, Section 9.

The driver of the car was strongly contradicted by defendant's witnesses on other material issues. But the jury found these other issues in favor of plaintiff, thereby showing they believed the testimony of the driver of the car on these other issues, and did not believe the testimony of defendant's witnesses.

■ ■ If a witness is discredited by the jury on one material issue about which there is a conflict in the testimony, it is within the province of the jury to discredit the witness on any or all other material issues in the case, although there is no conflict in the evidence as to such other issues. The rule is based upon the maxim, ''false in one, false in all''; and upon the fundamental principle of evidence that the jury must determine the credibility of witnesses, not the judge. Frank v. Wright, 140 Tenn. 535, 205 S. W. 434; Wright v. Bridges, 16 Tenn. App. 576, 65 S. W. (2d) 265.

■ We think this rule should be further extended so as to protect the constitutional right of trial by jury. We hold the correct rule to be: Several facts must be proved by a plaintiff to make out his case. He relies upon the testimony of one witness to prove the facts. That witness is contradicted by the evidence on one material issue, but is not contradicted on the other issues. The trial judge has no constitutional right to state to the jury that other facts about which there is no contradictory evidence are proved. Frank v. Wright, supra; Wright v. Bridges, supra; Ivey v. Hodges, 23 Tenn. 154, 155;

Brenizer v. Nashville C. & St. L. Ry., 156 Tenn. 479, 3 S. W. (2d) 1053, 8 S. W. (2d) 1099; Haskins v. Howard, 159 Tenn. 86, 97, 16 S. W. (2d) 20; Osborn et al. v. City of Nashville, 182 Tenn. 197, 201, 185 S. W. (2d) 510, 512.

 The credibility of the witness by whom plaintiff sought to prove that Harley Morgan was a guest in the car was a question for the jury. It matters not that the jury resolved the controverted issues in her favor. Defendant had the right to have all the issues submitted to the jury. The jury might wholly disbelieve the testimony of the witness on other questions.

The trial court erred when he held as a matter of law that the deceased was a guest in the car when he was killed. Defendant was not entitled to a directed verdict; but it was entitled to a new trial on this ground.

 Having that view of the case, a remand for new trial is necessary. We cannot enter judgment for plaintiff here.

The judgment of the circuit court is reversed and the cause is remanded for new trial.

The costs of the appeal and the costs of the prosecution of the writ of error are divided equally between the Tennessee Central Railway Company and plaintiff. The costs in the lower court will be adjudged by that court when final judgment is entered in the cause in the lower court.

Felts and Howell, JJ., concur.