REED *v.* RHEA COUNTY, *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

O. W. McKenzie, of Dayton, for plaintiff in error.

C. P. Swafford, of Dayton, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

According to the declaration, Reed was charged a fee by the Rhea County High School authorities for admission into the stadium of the Rhea County High School to witness a football game between its team and that of another school. Seats (the bleachers) for spectators had been constructed by this High School. While Reed was there seated watching the game his seat and those immediately around him broke. As a result, he fell to the ground several feet below and received injuries. He commenced this action against Rhea County and its Board of Education to recover damages for those injuries. The allegation of his declaration is that these seats broke because they were negligently constructed.

On July 30, 1949 Rhea County demurred to the declaration on the theory that it was engaged in a governmental function in the operation and maintenance of its schools; hence, not liable for the negligence of its officials and employees.

On August 3, 1949 a default judgment was entered against the Rhea County Board of Education, the order reciting that this Board "has not made defense within

the time required by law". It is provided by this order that "the plaintiff have and recover of the defendant Board of Education his damages and cost but the amount of damages not clearly appearing to the Court it is considered and adjudged that the plaintiff have a Writ of Inquiry with respect to said damages".

On August 9, 1949 the demurrer filed by Rhea County was sustained, "and the cause of action dismissed". Reed excepted "to the action of the Court in sustaining demurrer filed on behalf of Rhea County and in dismissing the cause of action—and prays an appeal", which he has perfected.

It will be observed that the order of August 9 dismissed the entire suit and taxed Reed with the costs, notwithstanding the fact that on August 3, 1949 a default judgment had been entered against the Board of Education. Although it is insisted by an assignment of error that the demurrer should not have been sustained as to Rhea County, it is said in the brief of Reed that "the Judge was correct in dismissing the suit as to Rhea County as the Board of Education is a separate and distinct entity from the County and suit must be filed against the School Board and not against the County for any claim they might have".

It is insisted, however, that the Court erred in dismissing the suit against the Rhea County Board of Education because (1) the Board of Education was acting in a proprietary capacity in that it "was maintaining a private enterprise for profit", according to Reed's insistence, and (2) default judgment had been entered against that Board.

▮ The reply brief of defendants County and its Board says that on August 22, 1949 after the appeal was

perfected the default judgment against the Board was set aside and, after entry of an order so permitting, a demurrer was filed by the Board. That order cannot be considered because it is not in the record. "The jurisdiction of this court is appellate only, and the cause, if tried here at all, must be tried upon the record as made up and filed." *Tennessee Public Serv. Co.* v. *City of Knoxville*, 170 Tenn. 40, 57, 91 S. W. 2d 566, 572.

 A County Board of Education "is a part of the state's educational system" and is "endowed with county . . . functions." *Boswell* v. *Powell*, 163 Tenn. 445, 448, 43 S. W. 2d 495, 496. The county's operation and maintenance of its schools is through the agency of a County Board of Education. Code, Sections 2324-2326. "The operation of the public school system is undoubtedly a governmental function". *State, ex rel. Bise* v. *Knox County*, 154 Tenn. 483, 486, 290 S. W. 405, 406, 50 A.L.R. 1158. It follows that a County Board of Education is a county government entity exercising a governmental function in the operation and maintenance of the schools of the County.

 A governmental entity exercising a governmental function is ordinarily not "to be held liable in a private action for neglect to perform such duties, for acts done while engaged in the performance of such duties, or because they are not performed in a manner most conducive to the safety of employees or the public, unless such liability is expressly fixed by statute", and this applies to the operation and maintenance of the public schools. *Odil* v. *Maury County*, 175 Tenn. 550, 136 S. W. 2d 500. In the instant case there is no statute fixing such liability. Under this rule it would seem necessary to hold that the Rhea County Board of Educa-

tion cannot be held liable for the injuries sustained by Mr. Reed.

One reason given as to why a governmental entity is not liable in a private action for negligence in the performance of its duties while acting in a governmental capacity is that such entity "has no fund out of which satisfaction for damage thus inflicted can be had." *Rogers* v. *Butler,* 170 Tenn. 125, 129, 92 S. W. 2d 414, 415. This reason is justified upon the theory that "it is better that an individual should suffer than that the public should sustain an inconvenience". *McAndrews* v. *Hamilton County,* 105 Tenn. 399, 404, 58 S. W. 483, 484. However harsh and inequitable that reason may seem to be, consistently through the years, this reason has been judicially recognized as applicable to cases of this character, and our Legislature has not seen fit to change the rule. That reason is applicable here. The Rhea County Board of Education has no fund with which to pay a claim of this character. It operates under a budget specifying in detail how each dollar which is entrusted to it shall be expended in its operation of the public schools. Code, Section 2324 (25).

The lack of funds reason given in justification for the rule of non-liability in such a case as we have here has been strongly emphasized by the very exception made to it in *Taylor* v. *Cobble,* 28 Tenn. App. 167, 187 S. W. 2d 648, a case in which this Court denied *certiorari.* In that case the County Board of Education was sued for personal injuries inflicted by reason of negligence. The Board had procured an insurance policy for the specific purpose of paying just such a claim. Therefore, the Court permitted a judgment to be entered against the Board, but only to the extent of the amount of the insurance policy, and with

the provision that the judgment would be "enforced exclusively against the indemnity, if any, afforded by the policy." 28 Tenn. App. at page 176, 187 S. W. 2d at page 652. In so holding, the Court of Appeals followed an exactly similar ruling of this Court in *Rogers* v. *Butler, supra,* in allowing judgment on a claim against the county proper for negligence in connection with the operation and management of a school bus. There is no insurance in the instant case.

In the brief submitted in behalf of Reed reference is made to *Johnson City Board of Education* v. *Ray,* 154 Tenn. 179, 289 S. W. 502. This brief quotes statements appearing in that opinion in support of Reed's position here. The liability of the Board of Education was not an issue in that case, "the only question" being as to whether the members of the Board "as individuals, are liable for the injury which plaintiff sustained." 154 Tenn. at page 181, 289 S. W. at page 503. The case is not in point here.

Reed's further insistence is that the Board was acting in a proprietary rather than a governmental capacity in his case, because it "was maintaining a private enterprise for profit". There is no allegation in the declaration that in its connection with this football game the Board was maintaining a private enterprise for profit. The first count alleges that an admission fee was charged "in order to defray the expenses". The mere fact that an admission fee was charged by the High School does not make the transaction an enterprise for profit. In *McAndrews* v. *Hamilton County, supra,* it was held that:

"In the conduct and management of this institution, the County of Hamilton was exercising a function of government delegated to it by the state, and it does not matter

if in so doing the institution was made to sustain itself, or even yield a revenue.'' 105 Tenn. at page 406, 58 S. W. at page 485.

In *McAndrews* v. *Hamilton County, supra,* notice was taken of the suggestion of a county exercising its power ''in a matter for its peculiar benefit'', meaning an exercise of its authority in a proprietary capacity. Parenthetically, the Court then added ''if such case can arise under our system of government'', thereby implying a doubt as to the possibility of such a situation. The duties of a County Board of Education are limited to the operation of the schools. This is a governmental function. Therefore, in legal contemplation there is no such thing as such a Board acting in a proprietary capacity for private gain.

For the reasons detailed, it must be concluded that the declaration of Mr. Reed does not state a cause of action against the Rhea County Board of Education.

■ There remains for determination the question of whether the judgment by default entered against this Board alters the situation, and thereby brought it about that the Court committed reversible error in subsequently dismissing the suit against the Board.

As hereinbefore held, the allegations of the declaration are not such as to authorize a judgment against the Board. The Trial Judge, therefore, inadvertently committed error in entering judgment by default. However, it is not a judgment on the merits. *Witcher* v. *Oldham,* 36 Tenn. 220.

For all practical purposes, though at least technically erroneous, the subsequent order entered six days later dismissing the suit as to the Board amounted to a setting aside of the judgment by default. No further pro-

ceedings upon the judgment by default properly could be had so long as there stood the subsequent order dismissing the suit as to this same defendant. The case is here in the same proceedings. We can see from the face of the record that there is no authority to hold the Board liable in this case. Under all these unusual facts there becomes applicable this declaration in *Holtzclaw* v. *Hamilton County,* 101 Tenn. 338, 341, 47 S. W. 421:

"If there is no authority to hold the county for any particular item of cost or expense, the courts must arrest any proceeding. for that purpose, even if prosecuted by consent." Therefore, no reversible error was committed in entering an order dismissing this suit against the Board as well as against the County.

▮ There is a statement in one of the briefs to the effect that the solicitors on both sides request this Court to decide certain questions which suggest themselves to counsel. That which we have hereinbefore held is determinative of this entire case. Therefore, insofar as those questions are not answered by what has hereinabove been held, such further answers would be dicta which we consistently seek, perhaps unsuccessfully sometimes, to avoid.

The judgment of the Court below dismissing this suit as to Rhea County and the Rhea County Board of Education is affirmed. The cost of the appeal will have to be adjudged against Mr. Reed.

All concur.