**BAILEY v. CITY OF KNOXVILLE et al.**

Civ. A. No. 2162.

United States District Court

E. D. Tennessee, N. D.

June 24, 1953.

Hodges & Doughty, Knoxville, Tenn., for plaintiff.

Fowler, Long & Fowler, Knoxville, Tenn., for defendants.

ROBERT L. TAYLOR, District Judge.

This is a suit by plaintiff against the City of Knoxville and Delta Airlines, Inc., to recover $100,000 damages for personal injuries sustained by a fall at the terminal building of the Knoxville municipal airport on June 21, 1952. It is alleged in the complaint that the City of Knoxville, as owner, maintains and operates the airport; that the city leased a space in the terminal building to Delta Airlines; that by contract that company was permitted to land its planes at the airport and to accept on and discharge passengers from said planes; that plaintiff, while awaiting passage on a plane of the Delta Airlines, Inc., was seri-

ously injured in consequence of the aforesaid fall, and that the fall resulted from the joint negligence of the defendants in the maintenance of the terminal building.

The city has moved for dismissal of the suit as to it, claiming that the Court does not have jurisdiction either of the defendant or of the cause of action by reason of provisions of the Supplement to the Code of Tennessee, §§ 2726.10–2726.19. These sections of the Code authorize municipalities and other political subdivisions of the State to acquire, maintain and operate municipal airports in their governmental capacity and prohibit the institution of suits by members of the public against any municipality or its officials, agents, servants or employees in the maintenance or the operation of said airports.

Plaintiff has filed a motion to amend her complaint by deleting certain language and inserting in lieu thereof other language. The purport of this amendment is to show that on the date of plaintiff's injuries the City of Knoxville carried a policy of liability insurance in Great American Indemnity Company of New York, extending liability insurance protection to the city in the ownership and operation of the airport. It is alleged in the amendment that the insurance policy provided that the insurer would be answerable to the City of Knoxville for all sums the city became obligated to pay by reason of liability imposed upon it for damages for bodily injuries sustained by any person by reason of the city's operation and maintenance of the airport. The amount of insurance coverage as alleged in the amendment was $50,000. In the amendment, plaintiff asks judgment against the Delta Airlines, Inc., for $100,000 and against the City of Knoxville in the sum of $50,000.

Plaintiff alleges that she will not collect anything from the City of Knoxville in the event a judgment is obtained against it, but will collect solely from the insurance carrier, Great American Indemnity Company of New York, on any liability established against the city.

The sections of the Tennessee Code relied on by the city in support of its motion are as follows:

"2726.10. Establishment of airports by political subdivisions authorized.—The legislative bodies of counties, municipalities, and other political subdivisions of this state are authorized, separately or jointly, to acquire, establish, construct, expand, own, lease, control, equip, improve, maintain, operate, regulate and police airports and landing fields for the use of aircraft either within or without the geographical limits of such political subdivisions, and may use for such purpose or purposes any available property that is now or may at any time thereafter be owned or controlled by such political subdivisions. (1931, ch. 74, sec. 1.)

*   *   *   *   *   *

"2726.19. Municipal airports; operation declared governmental function; suits against municipality barred. —The construction, maintenance and operation of municipal airports is declared a public governmental function, and no action or suit shall be brought or maintained against any municipality, or its officers, agents, servants, or employees, in or about the construction, maintenance, operation, superintendence, or management of any municipal airport. (1933, ch. 116, sec. 1.)"

Counsel for plaintiff in oral argument and in the briefs take the position that the foregoing sections of the Code simply give to operation and maintenance of municipal airports the character of governmental functions, as distinguished from proprietary functions; that their obvious purpose is to preclude collection out of city funds of claims for injuries sustained by reason of the operation or maintenance of municipal airports. Those sections, it is urged, do not abrogate the Tennessee rule permitting suits against municipalities and collection of judgments in personal injury cases from insurance carriers, the carrying of insurance being deemed a waiver of the city's immunity to the extent of the insurance coverage.

Counsel for the City of Knoxville, in oral argument and in the briefs, contended

that the Code Sections above quoted prohibit the institution of suits against municipalities for personal injuries sustained at municipal airports and thereby deprive the courts of jurisdiction over such actions and that the city by carrying insurance to protect it against liability did not and could not waive its immunity from suit as provided for in the aforesaid sections of the Code.

The determinative question is whether the complaint if amended would state a cause of action against the city. If the law in Tennessee as declared by the Appellate Courts permits the city to waive its immunity from suits of the character in question, the complaint, if amended, would state a cause of action and the motion to dismiss should be overruled. On the other hand, if the statute as written prohibits municipalities from waiving their immunity from suit, then the complaint, if amended, would fail to state a cause of action, and the motion to dismiss should be sustained.

A long line of Tennessee cases hold that liability of a municipality or other governmental subdivision for injuries resulting from negligent acts may be sustained to the extent of the insurance carried by it at the time of the accident. Taylor v. Cobble, 1945, 28 Tenn.App. 167, 187 S.W.2d 648; Rogers v. Butler, 170 Tenn. 125, 92 S.W.2d 414; Travelers Ins. Co. v. Dudley, 180 Tenn. 191, 173 S.W.2d 142; Williams v. Town of Morristown, 32 Tenn.App. 274, 222 S.W.2d 607; City of Kingsport v. Lane, 35 Tenn.App. 183, 243 S.W.2d 289.

In the case of Williams v. Town of Morristown, supra, 32 Tenn.App. at page 291, 222 S.W.2d at page 614, the Court said:

"It is our opinion that the question of liability insurance would be a proper question of pleading and proof if the enterprise had been a governmental and not a corporate undertaking. Travelers Insurance Company v. Dudley, 180 Tenn. 191, 173 S.W.2d 142; Rogers v. Butler, 170 Tenn. 125, 92 S.W.2d 414; McLeod v. St. Thomas Hospital, 170 Tenn. 423, 95 S.W.2d 917; Taylor v. Cobble, 28 Tenn.App. 167, 187 S.W.2d 648.

"The trend of these decisions is that a defendant and its insurance carrier are liable to the injured party, although the defendant would not be liable unless it carried the liability insurance. It would be an entirely useless gesture and waste of public funds for a municipality to carry liability insurance to protect it in tort actions incurred in connection with its governmental acts if it were required to plead and set up governmental immunity as a defense. The more equitable rule, sanctioned by reason and common sense, would be to permit plaintiff to plead and prove that defendant carried liability insurance; then limit the judgment to such coverage. That seems to us to be a reasonable extension of the rules already announced by our courts."

It is recognized by attorneys for the parties here that the holdings of the Appellate Courts in a number of other states, including Georgia and Kentucky, are contrary to the rule in Tennessee. But the Tennessee rule is too well established to admit of present doubt. And, so far as this Court can determine, there is nothing in the language of the statute which changes the Tennessee rule that a municipality may be held liable to the extent of its liability insurance for personal injury negligently caused by exercise of its governmental functions.

In their brief, counsel for plaintiff have made a careful analysis of the statute in the light of certain rules of statutory interpretation, particularly those relating to legislative intent, statutes in aid, or in derogation of the common law, and construction in relation to public policy. To those might be added a further rule, namely, that all of the language of a statute should be given meaning, if possible, consistent with its general purpose. When every word of section 2726.19 is considered, it is apparent that the purpose of the statute is to render the city immune from suits in tort for injuries arising out of operation and maintenance of the municipal airport. This purpose is effected by declaring those functions to be governmental and by in-

cluding provisions designed to cut off every type of suit by which the immunity which attaches to governmental functions could be circumvented by claimants. The prohibitory language of the section operates upon would-be litigants, not upon the city. There is nothing in the statute which can be construed as forbidding the city to carry liability insurance. Nor is the city forbidden to extend the benefits of its insurance contract to injured third parties, or to permit itself to be sued as a means of reaching the insurance proceeds. Sovereign immunity means only that the sovereign may not be sued without its consent. Implied in that immunity is the power to consent. In this State, the carrying of liability insurance is construed as a limited consent, or waiver of the immunity.

The Court is of the opinion that plaintiff should be allowed to amend her complaint. It follows that the motion to dismiss as to the city should be overruled. Reasons urged by the city in opposition to answering interrogatories of plaintiff under Rule 33, 28 U.S.C.A., lose their force in view of the preceding rulings, and the objections to answering interrogatories should likewise be overruled.

Let an order be prepared accordingly.