THELMA WILSON, Plaintiff-Plaintiff-in-Error, v.
MAURY COUNTY BOARD OF EDUCATION and
JOHN W. PIERCE, Defendants-Defendants-in-Error.
RAYMOND E. WILSON, Plaintiff-Plaintiff-in-Error, v.
MAURY COUNTY BOARD OF EDUCATION and
JOHN W. PIERCE, Defendants-Defendants-in-Error.
—302 S. W. (2d) 502.

Middle Section.  January 18, 1957.

Petition for Certiorari denied by Supreme Court May 3, 1957.

316

Claude Callicott, Collett Mayfield, Nashville, for plaintiffs in error.

MacFarland & Colley, Beverly Douglas, Jr., Columbia, for defendants in error.

HICKERSON, J.  Thelma Wilson filed her suit to recover damages for personal injuries which she received when her husband's automobile, driven by her, collided with a school bus which was being operated by John W. Pierce as agent for and on the business of Maury County Board of Education.

Raymond E. Wilson, husband of Thelma Wilson, brought his suit against the same defendants to recover damages to him resulting from the wreck in which his wife was injured.

Defendants pleaded not guilty.

Judgment was entered in each case, upon a jury verdict in favor of defendants, dismissing the suits of plaintiffs.

Plaintiffs have appealed in error to this Court. The suit of Raymond E. Wilson in this Court will be governed by the judgment in the Thelma Wilson case. We shall, therefore, only consider the case of Thelma Wilson.

Only two errors are assigned in this Court, which we quote:

1. "The court erred in sustaining the motions of the defendants in each case 'to not allow the plaintiff to read paragraph No. 2 of the declarations to the jury or to mention to the jury the matter or existence of liability insurance,' and in ordering and adjudging 'that the plaintiff shall not, in the presence of the jury, read or refer to paragraph No. 2 of his declaration, and that no reference to liability insurance is material or proper or may be made by the plaintiff.'

"Said order was made on a day prior to the trial of the case, to which order the plaintiffs and each of them excepted.

2. "The court erred upon the trial of this case in refusing to set aside its said order, hereinabove referred to under Assignment No. 1 of this Brief, in adhering to its said previous order, and erred in denying the request and application of the plaintiffs and each of them to permit them to read to the jury said paragraph No. 2 of their declarations, and to plead and prove the said policy of insurance referred to in said paragraph No. 2.

"The action of this court, challenged in the foregoing Assignment No. 1 and in this Assignment No. 2 was erroneous and prejudicial for the reason that

the allegations of said paragraph No. 2 of the declarations, with respect to the existence of said policy of liability insurance, constituted necessary averments, without which the declarations would not have stated a cause of action against the Maury County Board of Education. It is basic and fundamental law that any averments necessary to constitute a cause of action must be pleaded, and since they must be a part of the declaration, the plaintiff may read the same to the jury and establish the truth of such averments by proof, in the presence of the jury. The plaintiffs demanded a trial by jury, and the action of the court in ordering that plaintiffs not read paragraph No. 2 of their declarations to the jury, and that they not establish the truth of the allegations of said paragraph No. 2 by proof before the jury, and the action of the court in denying the plaintiffs the right and privilege of reading said paragraph No. 2 to the jury, and establishing the truth thereof by proof in the presence of the jury, was, therefore, not only erroneous and prejudicial but constituted a denial to the plaintiffs of their right to trial by jury, as guaranteed to them by the Constitution and statutes of the State of Tennessee.

"Said errors of the court likewise deprived plaintiffs of their constitutional right of their trial by jury in that the plaintiffs were ordered not to mention or refer to the existence of said liability policy.

"Said action of the court deprived plaintiffs of their property rights without due process of law, and deprived plaintiffs of their rights guaranteed by the Constitution of Tennessee, Article I, Sections 6, 8, and 17."

Thelma Wilson alleged in her declaration that defendants were operating the school bus in an official capacity. To meet the anticipated defense of governmental immunity, she alleged that the school board carried liability insurance by which the insurance company was obligated to pay any judgment recovered against the school board as a result of negligence in the operation of its school bus in a governmental capacity.

Defendants filed a "Motion to Strike Portions of Declaration," as follows:

"These defendants admit that there was in existence from August 30, 1954 to May 30, 1955, State Farm Mutual Automobile Insurance Company Policy No. 444793-E30-42, under the terms of which the Maury County Board of Education was insured, as set out in said policy which is attached hereto and made a part hereof by reference.

"And these defendants having admitted that said policy was in force and effect at the time of the accident complained of in plaintiff's declaration, as alleged in paragraph 2 of said declaration, these defendants request and move the Court to strike from said declaration paragraph 2 in its entirety, for the following reasons:

"1. The matters alleged therein are immaterial and irrelevant to plaintiff's alleged cause of action.

"2. The matters alleged therein as to a policy of insurance are intended to be and in fact are highly prejudicial to these defendants, a jury having been demanded by plaintiff.

"3. The existence of a policy of insurance having been admitted by these defendants, and the policy made a part of the record, no further reference thereto is proper or in any way competent on the issue of the alleged negligence of these defendants.

"4. It would be prejudicial to these defendants for the jury to know of and consider the matter of liability insurance."

The Court entered the following order on motion to strike:

"This cause came on for hearing this 20th day of June 1955, upon the motions and the amendments thereto in behalf of the defendants, Maury County Board of Education, composed of C. A. Ross, Clarence H. Sowell, E. P. Richardson, J. I. Finney, C. G. Escue, W. M. Jaggers and Herman Thompson, and the defendant John W. Pierce; and upon the consideration of which the Court is pleased to allow in part the relief asked for.

"It is therefore ordered and adjudged by the Court that the plaintiff shall not, in the presence of the jury, read or refer to paragraph 2 of his declaration and that no reference to liability insurance is material or proper or may be made by the plaintiff.

"The said defendants have admitted that the insurance policy referred to in paragraph 2 of the declaration was in existence from August 30, 1954 to May 30, 1955, and said policy of insurance has been filed as a part of the record in this cause.

"And to which action of the Court the plaintiff notes an exception."

The determinative question in this Court is: Did the trial judge commit reversible error when he excluded from the consideration of the jury the fact that the Board of Education carried liability insurance on the involved school bus?

In her brief in this Court, plaintiff tersely states her contentions, as follows:

"In these cases, as to the County Board of Education, it was incumbent upon the plaintiffs to allege and prove three essential facts:

"1. That Pierce, the driver of the vehicle, was guilty of negligence which proximately caused the injuries and damages sustained by the plaintiffs.

"2. That the vehicle driven by Pierce was owned by the Board of Education, and was being driven by Pierce as an employee or servant of said Board, and within the scope of his employment.

"3. That said School Board carried liability insurance on said vehicle."

Wherefore, plaintiff contends that the trial judge committed reversible error when he refused to allow her to plead and prove and argue to the jury the facts which were essential to a statement of her cause of action; that is, that the school board carried liability insurance on its school bus. To the contrary, defendants contend that:

(1) "The action of the trial judge, in ruling upon the defendants' motion, was properly within his discretion and was clearly justified by the pleadings."

(2) "In any event, it is clear from an examination of the record in this cause that the rulings complained of did not affect the results of the trial."

█ In the operation of its school bus, as alleged in plaintiff's declaration, the Board of Education was acting in a governmental capacity; and it was not liable for the negligence of its driver in the operation of its bus while performing this governmental function. Mayor and City Council of Nashville v. Burns, 131 Tenn. 281, 174 S. W. 1111, L. R. A. 1915 D, 1108; Rogers v. Butler, 170 Tenn. 125, 92 S. W. (2d) 414; Taylor v. Cobble, 28 Tenn. App. 167, 187 S. W. (2d) 648; Rector v. City of Nashville, 23 Tenn. App. 495, 134 S. W. (2d) 892.

The County Board of Education was liable for the negligence of the driver of its school bus where it carried insurance on the school bus which obligated the insurance company to pay any liability, within the policy limits, which the Board of Education sustained by the negligent operation of the school bus in a governmental capacity. Rogers v. Butler, 170 Tenn. 125, 92 S. W. (2d) 414; Taylor v. Cobble, 28 Tenn. App. 167, 187 S. W. (2d) 648.

█ Where a declaration shows on its face that plaintiff was injured by the operation of a school bus—a governmental function—plaintiff must allege in her declaration that the Board of Education operating the bus had insurance which obligated the insurance company to pay any liability of the Board of Education in such operation of its school bus in order to state a cause of action. The declaration would be demurrable without the allegation of the insurance coverage. Williams v. Town of Morristown, 32 Tenn. App. 274, 222 S. W. (2d) 607; City of Kingsport v. Lane, 35 Tenn. App. 183, 243 S. W. (2d)

289; McCloud v. City of La Follette, 38 Tenn. App. 553, 276 S. W. (2d) 763.

■ Suits against governmental units, acting in a governmental capacity, are different from suits against charitable institutions. In the former, the allegation of insurance is necessary to support the, cause of action. Williams v. Town of Morristown, 32 Tenn. App. 274, 222 S. W. (2d) 607. In the latter, plaintiff may sue the charitable institution in tort just like it was a private corporation for profit and recover a judgment against the charitable corporation. The insurance carried by the charitable corporation affects the collection of the judgment, not the recovery or entering of the judgment. Anderson v. Armstrong, 180 Tenn. 56, 171 S. W. (2d) 401; McLeod v. St. Thomas Hosptial, 170 Tenn. 423, 95 S. W. (2d) 917; Vanderbilt University v. Henderson, 23 Tenn. App. 135, 127 S. W. (2d) 284.

■ The Board of Education waived the defense of governmental immunity to the extent of the insurance coverage when it carried liability insurance on the school bus to protect the board in tort actions resulting from the operation of the school bus in a governmental capacity. McCloud v. City of La Follette, 38 Tenn. App. 553, 276 S. W. (2d) 763.

Plaintiff had the constitutional right to have all issues of fact decided by a jury, if the evidence were in conflict on such issues. Constitution of Tennessee, Article I, Section 6 and Article VI, Section 9; Finks v. Gillum, 38 Tenn. App. 304, 273 S. W. (2d) 722; Morgan v. Tennessee Central Railway Co. 31 Tenn. App. 409, 216 S. W. (2d) 32.

In Williams v. Town of Morristown, 32 Tenn. App. 274, 222 S. W. (2d) 607, 614, this Court said:

"It is the rule in this jurisdiction that evidence shall not be admitted that defendant is insured against the liability sought to be established against him in the suit. Marshall v. North Branch Transfer Co., 166 Tenn. 96, 59 S. W. (2d) 520; Prewitt-Spurr Manufacturing Co. v. Woodall, 115 Tenn. 605, 90 S. W. 623.

"The only legitimate purpose of the amendment was to fix liability against defendant if the court should hold defendant was immune from the tort action because it was performing a governmental function in maintaining the picnic grounds or pool. Since we have held that it was performing a corporate act, the question of liability insurance has no place in the case.

"It is our opinion that the question of liability insurance would be a proper question of pleading and proof if the enterprise had been a governmental and not a corporate undertaking. Travelers Insurance Co. v. Dudley, 180 Tenn. 191, 173 S. W. (2d) 142; Rogers v. Butler, 170 Tenn. 125, 92 S. W. (2d) 414; McLeod v. St. Thomas Hospital, 170 Tenn. 423, 95 S. W. (2d) 917; Taylor v. Cobble, 28 Tenn. App. 167, 187 S. W. (2d) 648.

"The trend of these decisions is that a defendant and its insurance carrier are liable to the injured party, although the defendant would not be liable unless it carried the liability insurance. It would be an entirely useless gesture and waste of public funds

for a municipality to carry liability insurance to protect it in tort actions incurred in connection with its governmental acts if it were required to plead and set up governmental immunity as a defense. The more equitable rule, sanctioned by reason and common sense, would be to permit plaintiff to plead and prove that defendant carried liability insurance; then limit the judgment to such coverage. That seems to us to be a reasonable extension of the rules already announced by our courts."

██ Facts confessed in the pleadings are binding on the parties. Offered evidence of such facts is properly excluded as irrelevant. Wilson v. Bass, 6 Tenn. 110, 111; Waldron v. Waldron, 156 U. S. 361, 15 S. Ct. 383, 39 L. Ed. 453.

In 71 C. J. S. Pleading secs. 517, 523, pp. 1073, 1079, provide:

"An issue of fact is an issue taken on or consisting of matter of fact, the fact only and not the law being disputed; and such an issue arises whenever a material allegation made by one party is denied, or deemed denied, by the other.

\* \* \* \* \* \*

"A fact essential to a cause of action or defense need not be proved if admitted by the pleadings of the adverse party."

In the case on trial, plaintiff alleged in her declaration and defendants admitted in their motion to strike that defendants carried liability insurance on the school bus involved in the wreck. The insurance policy was filed in the cause and appears in the record before us. Whether

defendants carried insurance was no longer an issue in the cause. The effect of the carrying of the insurance by defendants became a question of law for the Court.

The only legitimate purpose of alleging and proving liability insurance in the case on trial was to permit plaintiff to recover a judgment against defendants to the extent of the policy limits. The trial judge gave plaintiff the benefit of the admitted fact of liability insurance when he charged the jury that plaintiff could recover a judgment against defendants notwithstanding the fact that the accident and resulting injuries to plaintiff occurred while the bus was being operated in the performance of a governmental function by the County Board.

T. C. A. sec. 20-705 provides:

"Striking out bad pleadings.—If any pleading is bad for duplicity, unnecessarily prolix, irrelevant, or frivolous, it may be stricken out at the cost of the party so pleading, on motion of the adverse party, or by the court of its own motion."

In the conduct of a jury trial the trial judge must, of necessity, exercise a wide discretion. There is a presumption that his discretionary acts are correct. Tennessee Procedure in Law Cases, Sections 96, 97, 1126, and 1186.

Unless the fact of liability insurance is essential to plaintiff's cause of action and unless such fact is an issue under the pleadings for the jury to decide, the trial judge may, in his discretion, exclude from the jury all references to the liability insurance. Williams v. Town of Morristown, 32 Tenn. App. 274, 222 S. W. (2d) 607.

328

■ Plaintiff had no constitutional right to submit statements of fact alleged in her declaration to the jury when such statements were admitted by defendants in a subsequent pleading. Such admitted facts were not "issues" in the case. Morgan v. Tennessee Central Railway Co., 31 Tenn. App. 409, 216 S. W. (2d) 32; Finks v. Gillum, 38 Tenn. App. 304, 273 S. W. (2d) 722; 71 C. J. S. Pleading secs. 517 and 523, pp. 1073 and 1079.

We hold the trial judge acted within his discretion when he refused to allow the question of insurance to be submitted to the jury.

■ It is our further opinion that plaintiff was not prejudiced nor injured by such action of the trial judge. The trial judge charged the jury that plaintiff could recover judgment against the Board of Education notwithstanding the fact that the school bus was being driven in a governmental operation when the accident occurred about which plaintiff complains. By such charge, plaintiff received the only benefit to which she was entitled relating to the question of liability insurance. Wherefore, the record affirmatively shows that the excluding of the fact of liability insurance from the consideration of the jury did not affect the results of the trial. The statute forbids our reversing the judgment of the trial court in such cases. T. C. A. sec. 27-117.

There is no error in the judgments of the Circuit Court. The assignments of error are overruled and the judgments of the Circuit Court are affirmed in the two cases. Let all costs follows the judgments.

Felts and Shriver, JJ., concur.